No. 15,641.

## MURRER *v.* THE SECURITY COMPANY ET AL.

SUMMONS.—*Service of.*—*Return of Sheriff.*—*To what Credit Entitled.*—The return of the sheriff endorsed on a summons, showing that it had been duly and regularly served, is evidence of a high grade, and abundantly sufficient of itself to sustain a finding and judgment of the court that there was proper service of the summons.

From the Hancock Circuit Court.

*J. A. New* and *A. M. New*, for appellant.

*C. L. Henry, H. C. Ryan, F. A. Walker, E. Marsh* and *W. W. Cook*, for appellee.

MILLER, J.—The appellant brought this action in the court below to set aside a default and judgment for the foreclosure of a mortgage rendered in favor of the Security Company.

The complaint shows that, upon the filing of the complaint in the original action, a summons issued to the sheriff of Hamilton county for the appellant. On the same day the sheriff returned the summons, showing service on the appellant and her husband "by reading the same to and in their hearing" on that day. In due course a decree of foreclosure was entered against appellant, and subsequently the mortgaged premises were sold upon the decree, and bid in by the judgment plaintiff. Shortly before the expiration of the year for redemption, the certificate of purchase was sold and assigned to Martha M. Hall, who obtained and holds a sheriff's deed for the premises.

The complaint avers that a portion of the premises was owned by the appellant and her husband as tenants by entireties, and not subject to mortgage for the debt of the husband.

The action was brought under section 396, R. S. 1881, which, among other things, provides that "The court may also, in its discretion, allow a party to file his pleadings

after the time limited therefor, and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years."

The complaint alleges "that said default, judgment and decree were taken through her inadvertence, mistake, surprise and excusable neglect in this, to wit: That no summons was ever served on her in said cause notifying her of the pendency of said suit, and that she never had any notice, knowledge or information whatever that said suit had been brought, or was pending against her, until long after said judgment and decree were rendered, and said real estate was sold by the sheriff on said decree and execution."

The appellees answered the complaint by general denial; the cause was tried and a finding made by the court in favor of the defendants.

The error assigned in this court is the action of the court in overruling the plaintiff's motion for a new trial.

The question of fact, upon which the parties joined issue, was as to the service of the summons.

The plaintiff, to sustain her complaint, introduced evidence strongly tending to show that no summons was ever served upon her. To meet this, the defendants introduced in evidence the original summons and the return endorsed upon it, showing that it had been duly and regularly served. Also the deputy sheriff who, it was claimed, had served the summons, was placed upon the stand and testified that he made the service as endorsed on the writ.

This made a conflict in the evidence.

The rule that this court will not weigh evidence applies to this class of cases: *Williams* v. *Grooms*, 122 Ind. 391; *Dobbins* v. *McNamara*, 113 Ind. 54; *Nash* v. *Cars*, 92 Ind. 216; *Buck* v. *Havens*, 40 Ind. 221.

The return of the sheriff, endorsed on the summons, was evidence of a high grade, abundantly sufficient of itself to

sustain the finding and judgment of the court. In addition to the return we have the evidence of the officer who served the summons, tending to sustain the truthfulness of the return. If it be permitted to impeach the return of a sheriff for the purpose of setting aside a default, especially after the default has been followed by a judgment, and sheriff's sale, it should only be done by clear and satisfactory proof.

