# ROOKER *v.* BRUCE.

[No. 21,100.   Filed June 30, 1908.   Rehearing denied October 15, 1908.]

1. APPEAL.—*Briefs.—Waiver.*—Points not discussed are waived. p. 87.
2. NEW TRIAL.—*Default Judgment.*—Relief from a default judgment cannot be obtained by a motion for a new trial.   p. 88.
3. PLEADING.—*Answer.—Tendering After Default Judgment.*—The tendering of answers after a default judgment has been entered presents no question. p. 88.
4. COURTS.—*Power to Make Rules of Procedure.*—Courts have inherent, as well as statutory power to make and enforce reasonable rules of procedure.   p. 88.
5. SAME.—*Enforcing Rules.—Defaults.—Judgment.*—It is the duty of the court, where a defendant has been ruled to answer and the time given is reasonable, and he fails so to answer, to enter judgment as upon a default.   p. 88.
6. JUDGMENT. — *Setting Aside. — Excusable Neglect. — Motion.*—A judgment by default may be set aside for mistake, inadvertence, or excusable neglect; and the motion to set aside must show a meritorious defense to the action, as well as the facts constituting the mistake, inadvertence, or excusable neglect, the facts showing the mistake, inadvertence, or excusable neglect being subject to a denial, but not the facts showing the meritorious defense.   p. 89.
7. APPEAL.—*Judgment by Default.—Setting Aside.—Failure to Make Affidavits Part of Record.*—On an appeal from a judgment refusing to set aside a judgment taken by default, where the affidavits showing excusable neglect are not made a part of the record, the Supreme Court cannot determine whether the trial court committed error.   p. 89.
8. CONTEMPT.—*What Constitutes.*—Acting in opposition to the authority, justice, or dignity of a court, or failing to do something ordered for the benefit of the opposite party, constitutes contempt.   p. 90.
9. SAME.—*Failure to Answer.*—Defendant's failure to answer, in an action upon a note, does not constitute a contempt of court. p. 90.
10. CONSTITUTIONAL LAW.—*Due Process.—Excluding Answers.*— The refusal to permit defendant to file answers after a default judgment had been entered against him does not deny to defendant due process of law.   p. 91.

From Marion Circuit Court (14,445) ; *Henry Clay Allen,* Judge.

Action by Margaret Bruce against William V. Rooker. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William V. Rooker, pro se.*

*Woodburn Masson,* for appellee.

MONTGOMERY, J.—Appellee commenced an action September 27, 1905, for the collection of a promissory note executed to her by appellant. On October 11 appellant was ruled to answer, and, failing to do so, on October 28 the court made an order requiring the rule to answer to be discharged on or before November 4, 1905. No answer having been filed, on November 18, 1905, judgment was rendered as upon a default. Two days later appellant filed a motion to set aside and vacate the judgment, which motion was sustained November 25, 1905. Subsequently an answer in abatement was filed to which a demurrer was sustained, and then a motion to make the complaint more specific was overruled, and on March 23, 1907, appellant was ruled to answer the complaint on or before March 30, 1907. No answer being filed, on April 4, 1907, judgment as upon default was rendered in favor of appellee for $367.57, together with costs of the action. On May 2, 1907, at the same term of court, appellant filed a motion to set aside the default and vacate said judgment, and also tendered answers to the complaint for filing. May 4 appellee filed counter-affidavits in opposition to appellant's motion, and on May 13 the court overruled said motion, to which ruling appellant duly excepted. June 1, 1907, appellant filed his motion for a new trial, which motion was overruled and an exception thereto properly saved.

It is alleged upon this appeal that the court erred: (1) In overruling appellant's motion to set aside the default and vacate the judgment taken against him; (2) in refusing to receive and file the answers when tendered; (3) in overruling his motion for a new trial.

The third assigned error is in no manner presented or

urged in appellant's brief, and must therefore be regarded
as waived. *Sanderson* v. *State* (1907), 169 Ind. 301;
1. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *O'Brien*
v. *Knotts* (1905), 165 Ind. 308; *Major* v. *Miller*
(1905), 165 Ind. 275; *Storer* v. *Markley* (1905), 164 Ind.
535; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26.

Furthermore, final judgment was rendered in this case
as upon default, the demand was taken as confessed, and
there was no trial in the true acceptation of that
2. term. In such a case it has been expressly held that
relief from the judgment cannot be obtained by an
ordinary motion for a new trial. *Meyers* v. *State* (1901),
156 Ind. 388; *Goodrich* v. *Stangland* (1900), 155 Ind. 279;
*Ervin School Tp.* v. *Tapp* (1890), 121 Ind. 463; *Corwin*
v. *Thomas* (1882), 83 Ind. 110; *Reed* v. *Spayde* (1877), 56
Ind. 394; *Fisk* v. *Baker* (1874), 47 Ind. 534.

The court made no separate order rejecting the proffered
answers, but the error, if any, in refusing to receive the
answers tendered after judgment, is embraced in
3. the decision overruling appellant's motion to set aside
the default and vacate the judgment.

The dispatch of business by courts would be impossible,
and intolerable delays would result, without some rules gov-
erning the practice, and designed to expedite the
4. transaction of business. In the absence of statute,
courts of record have inherent power to make and en-
force reasonable rules for the regulation of their business.
*State* v. *Van Cleave* (1902), 157 Ind. 608; *Smith* v. *State,
ex rel.* (1895), 140 Ind. 340; *Vail* v. *McKernan* (1863), 21
Ind. 421; *Lynch* v. *State* (1857), 9 Ind. 541; 11 Cyc., 740;
8 Am. and Eng. Ency. Law (2d ed.), 29. Circuit courts are
expressly authorized and directed to adopt rules for con-
ducting the business therein not repugnant to the laws of
this State. §1443 Burns 1908, §1323 R. S. 1881.

The court below had the power, both inherently and by
statute, to prescribe the time within which appellant might

exercise his right to file an answer to the complaint.

5. There is no claim that the time given in this case was unreasonable. Our statute further provides: "If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay." §410 Burns 1908, §401 R. S. 1881, 1 Thornton's Civil Code, §177.

It was manifestly in pursuance of this statute that the judgment against appellant was rendered. Provision is also made for relief from a judgment taken by default,

6. to the effect that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years." §405 Burns 1908, §396 R. S. 1881, 1 Thornton's Civil Code, §171. A motion made during the term at which the judgment was taken must be verified, and should show (1) a meritorious cause of action or defense, and (2) state the facts relied upon to establish mistake, inadvertence, surprise or excusable neglect. The cause of action or defense stated must be accepted as true for the purposes of the application, but the facts set up as grounds of excuse for suffering the default and judgment to be taken may be controverted. The record discloses that counter-affidavits of five persons

7. were filed in opposition to appellant's motion. These affidavits were not incorporated in the record, and we are not advised of their contents or substance. In their absence it is manifest that we cannot say that the court erred in overruling appellant's motion to set aside the default and vacate the judgment.

Appellant further assumes that his failure to file an answer to appellee's complaint within the time prescribed must be regarded as in the nature of a civil contempt of the court's order, and the rendition of judgment as upon

default as consequent punishment for such contempt. Building upon these premises, he insists that the only authorized punishment for such a contempt is a fine and imprisonment (§1045 Burns 1908, §1010 R. S. 1881) ; and that a refusal to receive his answers when tendered denied him his day in court and due process of law, in violation of constitutional guaranties. The authority cited in support of 'this contention is *Hovey* v. *Elliott* (1897), 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215. In that case the defendants' answer was stricken out, and judgment rendered upon the complaint, because of the failure of defendants to purge themselves of a charge of contempt for failing to make a deposit of money in obedience to an order of the court made in the cause.

A contempt of court is disobedience to the court, by acting in opposition to the authority, justice and dignity thereof. Civil contempt consists in failing to do something

8. ordered to be done by a court in a civil action for the benefit of the opposing party. 9 Cyc., 6, and cases cited.

The fallacy in appellant's argument is in his first premise. The failure to file an answer in a case at law within the time allowed by law or order of court is in no sense to

9. be regarded as a contempt of court. The order prescribing a limit within which appellant might file his answer was not an order or requirement that an answer must be filed, but merely fixed a time within which appellant at his option might prepare and file an answer, if he had, and elected to assert, any cause of defense to the claim made against him. The thing to be done, the allegation of a defense, was not for the benefit of the opposing party, but in defense and protection of his own rights. His failure to act within the time given could not hinder the other party, or concern the court, or be in contempt of its authority, but affected only the interests of the appellant. The failure of a party seasonably to assert a known right, when called upon

and afforded an opportunity to do so, is regarded as a waiver of such right.

Appellant was duly notified of appellee's action, appeared in open court, and was given ample opportunity to set up any defense which he had, but failed to do so, and is in the position of having waived and abandoned his right and privilege of defending against the action. His failure to answer seasonably after appearance is, in every respect, the equivalent of a failure to appear in the first instance in response to a personal summons. A default in either case is not contemptuous conduct, but the exercise of a rightful privilege, and has the legal effect of confessing the material allegations of the complaint, except the amount of damages when the same are unliquidated. §392 Burns 1908, §383 R. S. 1881; *Archibald* v. *Lamb* (1857), 9 Ind. 544; *Briggs* v. *Sneghan* (1873), 45 Ind. 14; *Fisk* v. *Baker, supra; Risher* v. *Morgan* (1877), 56 Ind. 172; *Stapp* v. *Davis* (1881), 78 Ind. 128; *Lilly* v. *Dunn* (1884), 96 Ind. 220; *McKinney* v. *State, ex rel.* (1885), 101 Ind. 355; 6 Ency. Pl. and Pr., 72, 73.

Appellant could not escape the consequences of his neglect to plead by tendering answers for filing after the expiration of the time, except by consent of appellee or leave of court. 23 Cyc., 745. It is accordingly our conclusion that neither the statutes involved, nor the procedure followed in this case, denied appellant due process of law, or invaded his constitutional rights.

No error having been made to appear, the judgment is affirmed.