## BAKER v. VAN NESS et al.

No. 2526.   Opinion Filed February 18, 1913.

(130 Pac. 536.)

REPLEVIN—New Trial—Error of Law.   Where a plaintiff in a replevin action states in open court that he does not intend to prosecute the case further, and that judgment may be rendered for the defendant, and the defendant introduces evidence as to the value of the property taken without objection by the plaintiff, and the court renders judgment for the defendant in the alternative for the return of the property or its value, without objection or excep-

tion by the defendant, it is error, as a matter of law, to sustain a motion for new trial.

(Syllabus by Rosser, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by L. C. Van Ness and C. A. Van Ness, partners under the name of L. C. Van Ness & Co., against Emma L. Baker. Judgment for defendant. From an order granting a new trial, she appeals. Reversed and remanded.

*W. E. Bennett* and *W. M. Wallace,* for plaintiff in error.
*Lucius Babcock,* for defendants in error.

Opinion by ROSSER, C. This was a replevin action brought by L. C. Van Ness and C. A. Van Ness, as partners, against Emma L. Baker, to recover the possession of a certain stock of merchandise, of which they claimed possession by virtue of a certain chattel mortgage. The writ was issued and the property taken and delivered to the plaintiffs. The defendant answered, the case was set for trial, and both parties appeared. The plaintiffs in open court announced that they did not desire to prosecute the case further, and that judgment might be entered for the defendant. The defendant then introduced evidence as to the value of the property taken under the writ of replevin, and judgment was rendered in favor of the defendant in the alternative for the return of the property or its value, which was found to be $2,000. The plaintiffs filed a motion for a new trial, and several months afterwards the motion was sustained and a new trial granted. From the order sustaining the motion for a new trial, the defendant appeals.

The case should be reversed. It is the duty of parties having rights to claim them at the proper time and place. The failure of a party seasonably to assert a known right, when called upon and afforded an opportunity to do so, is a waiver of that right. *Rooker v. Bruce* (Ind.) 85 N. E. 351. The plaintiffs were in the courtroom at the time the case was set.

If they wanted a trial, it was their duty to try the case then or move for a continuance upon lawful grounds. Instead, they abandoned their case and stated that judgment might be rendered for the defendant. It is manifest that there were no legal grounds upon which a new trial could be granted. The plaintiffs knew when they dismissed their action that the defendant had the right to have her rights inquired into. *Thomas v. First National Bank,* 32 Okla. 115, 121 Pac. 272. The plaintiffs had a right to take part in the inquiry, but they neglected to do it. Defendant offered her evidence without objection or exception by the plaintiffs. It reasonably supports the finding of the court as to the value. Plaintiffs did not suggest at the time of the hearing that the evidence was insufficient. The plaintiffs offered no evidence. They permitted the judgment to be entered. There is no pretense that the plaintiffs were not in possession of all the facts at the time it was rendered.

If the motion filed by the plaintiffs be treated as a motion to set aside a default judgment, it is equally clear that there were no circumstances of accident, mistake, or inadvertence, not the fault of the plaintiffs, which justified the court in opening the default *"Interest reipublicae ut sit finis litium."* The interest of the state, as well as the parties, requires that there be an end to a lawsuit. A man cannot come into court and say: "I do not intend to try this lawsuit. Render judgment for my opponent"—and the next day come back, and, without any sort of excuse, say: "I have changed my mind and now want a trial. Set aside the solemn judgment entered yesterday without objection from me and upon my suggestion, and give me a new trial." No court should permit such a proceeding.

It is suggested that, as plaintiffs hold a mortgage on the property to secure a debt that defendant owes them, it would be a great injustice to make them pay the value of the goods taken. There is no proof in the record that they hold a mortgage. They allege that they held one, but when the case was called they abandoned that allegation in open court. They, in effect, with-

drew it, and from that conduct the natural inference would be that they had no valid mortgage.

If the plaintiffs have a valid debt, the judgment in this case will not prevent them from collecting it by proper proceedings; but neither reason nor authority will sustain the action of the court in setting aside the judgment in this case.

The case should be reversed and remanded, with instructions to set aside the order granting a new trial, and to reinstate the judgment for the defendant.

By the Court: It is so ordered.