## Kruse et al. *v.* State of Indiana, ex rel. The Casparis Stone Company.

[No. 8,113. Filed December 16, 1913.]

1. JUDGMENT.—*Default.—Setting Aside.*—Where a cause, though not at issue, was set for trial on a definite date by agreement of the parties duly entered of record, the defendants by failing to appear in court at the time named were subject to default, and where it appeared that after defendants were defaulted the court treated the complaint as denied, heard the evidence, made a finding and rendered judgment accordingly, defendants were not entitled to have the judgment set aside on the ground that they had not been ruled to answer, and that a party is not entitled to default his adversary and take judgment against him for want of a pleading without first taking a rule against him requiring such pleading. p. 206.

2. APPEAL.—*Weight of Evidence.—Affidavits on Motion to Set Aside Default.*—Affidavits and counter-affidavits on a motion to set aside a judgment taken by default partake of the nature of depositions and parol testimony, and not of the nature of documentary evidence, and are within the rule against weighing the evidence on appeal, hence, on appeal, a judgment overruling such a motion, supported by counter-affidavits against the motion, will not be disturbed on the evidence. p. 207.

3. JUDGMENT. — *Default. — Motion to Set Aside. — Discretion of Court.*—Trial courts have discretionary power in passing on motions to set aside defaults and judgments, and their rulings on such motions will not be disturbed on appeal unless the record discloses an abuse of such discretion. p. 208.

From Superior Court of Tippecanoe County; *Henry H. Vinton*, Judge.

Action by the State of Indiana, on the relation of The Casparis Stone Company, against Fred D. Kruse and others. From a judgment overruling defendants' motion to set aside the default and judgment rendered, the defendants appeal. *Affirmed.*

*George P. Haywood* and *Charles A. Burnett,* for appellants.

*Thompson & McAdams,* for appellee.

FELT, J.—This is an appeal from a judgment against appellants overruling their motion to set aside a judgment taken against them on default. The only error assigned is that ''The court erred in overruling appellants' motion to set aside the default and judgment rendered in said cause on the 30th day of January, 1911.'' The original judgment was against Fred D. Kruse and his bondsmen, the other appellants, on a contractor's bond for an alleged breach in failing to pay for certain stone used by said Kruse in the performance of a contract with the Board of Commissioners of White County, Indiana. The examination of appellant, Fred D. Kruse, was taken out of court by appellee and duly filed and published. The appellants appeared in the White Circuit Court and filed affidavits for change of venue from the judge and from the county. The motion for change of venue from the county was sustained and the venue was changed to the Superior Court of Tippecanoe County. Of date, May 12, 1910, the record of that court, in this cause, contains the following entry: ''Come the parties by their attorneys and by agreement of the parties on docket call the court sets this cause for trial by the court on June 10, 1910, and day is given.'' From some cause not apparent from the record, the case was not tried at that time and on January 9, 1911, the record shows the following entry: ''Come the parties by their attorneys and on motion and by agreement of the parties the court sets this cause for trial by the court on January 30, 1911, and

day is given." On January 30, 1911, the record shows that the appellants failed to appear either in person or by "R. J. Million and Reynolds and Sills, their attorneys", and that a default was duly taken against them. After the entry showing the default is the following: "This cause is now submitted to the court for hearing and decision upon the pleadings filed, default herein above entered, and upon oral and documentary evidence. And the court having heard and examined the evidence and being fully advised and satisfied in the premises, does now find for the plaintiff and that there is due plaintiff from said defendants the sum of $1,026.62 and costs of this action." Judgment was duly rendered on the finding and on the same day it was assigned to Jacob D. Timmons et al. On March 11, 1911, appellants by Haywood & Burnett, their attorneys, filed their verified motion to set aside the default taken against them through their mistake, inadvertence, surprise and excusable neglect, and also for the reason that the judgment was taken for $26.62 in excess of the amount demanded in the complaint. On March 29, 1911, appellee, by its attorneys, filed a remittitur of that part of the judgment in excess of $1,000 and all accrued interest on such excess, as of the date the judgment was rendered.

The motion to set aside the default is long but in substance charges that the defendants had employed R. J. Million, an attorney of White County, to represent them in securing the change of venue and to defend them in the suit; that the defendant, Fred D. Kruse, had a conversation over the long distance telephone with E. B. Sellers, the attorney for the plaintiff in the suit, on Saturday, January 28, 1911, in which he asked that the trial be postponed on account of sickness in his family and that he was informed by said Sellers that he did not think the case would be tried on that day for the reason that he expected counsel in a kindred case set for trial on the same day, would secure a continuance which would postpone the trial of

both cases; that there was no breach of the bond sued on in this case and nothing was due thereon but there was a breach of the bond sued on in the other case; that no rule to answer the complaint was taken against the defendants, or either of them,

The motion was resisted and counter-affidavits of Emery B. Sellers and R. J. Million were filed. In substance the affidavit of Sellers denies that he in any way led the defendants to believe that the case would not be tried on the day named, and asserts that both in said telephone conversation on January 28 and by letters written on January 17 and January 28 he had informed defendant Kruse, the case would in all probability be tried on January 30; that he had also communicated with R. J. Million, attorney for defendants, who knew the case was set for trial on January 30. The affidavit of R. J. Million shows that he had been the attorney for the defendants and that on January 20, he wrote Fred D. Kruse and mailed the letter at Monticello, Indiana, to his home in Fort Wayne, Indiana, and informed him that the case was set for trial on January 30 at Lafayette, Indiana, and that he would not attend the trial unless his fee for services was paid to him in advance of the trial and requested him to advise him by return mail; that he did not write him until January 28 when without paying or offering to pay him any part of his fee or expenses, he requested him to go to Lafayette on January 30 and secure a continuance of the trial.

It is contended by appellants that since they had entered an appearance in the case, no default could be properly taken against them until after they had been ruled

1. to answer and that this had not been done. The record in this case does not show that appellants were defaulted and judgment taken against them for want of an answer. The case was set for trial on a definite date by agreement duly entered of record. By this agreement, the parties were bound to appear in court at the time named

and upon failure so to do were subject to default for such failure. In court procedure, a default is taken against a party for failure to do something required of him. The judgment shows that the court, after the appellants were defaulted, treated the complaint as denied, heard the evidence, made a finding and rendered its judgment in accordance therewith. The cases cited by appellants to the effect that a party is not entitled to default his adversary and take judgment against him for want of a pleading without first taking a rule against him requiring such pleading, are not in point in this case. There are decisions to the effect that a party who goes to trial without requiring the issues to be completed, will be regarded as having waived his right to enforce a rule against the other party to file pleadings and the case may be tried as though the complaint or affirmative answer were controverted by a general denial. The appellants by their agreement, have placed themselves in the position of one who goes to trial without requiring the issues to be completed. As the court heard the evidence and proceeded as though the averments of the complaint were denied, appellants are not in a position to complain that they were defaulted for failure to appear in accordance with their agreement. *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510, 516; *Young* v. *Gentis* (1893), 7 Ind. App. 199, 202, 32 N. E. 786; *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 309, 40 N. E. 79; *Havens* v. *Gard* (1892), 131 Ind. 522, 523, 31 N. E. 354; *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 254, 26 N. E. 784, 11 L. R. A. 740; *Hartlep* v. *Cole* (1885), 101 Ind. 458.

The motion to set aside the default and judgment and the counter-affidavits, presented an issue of fact which was determined by the trial court adversely to appellants.

2. It has been held that such affidavits partake of the nature of depositions and parol testimony and not of the nature of documentary evidence, and that the rule

applicable to parol testimony applies on appeal. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 180, 57 N. E. 148. The decision of the trial court will not be disturbed on appeal, where there is evidence to sustain it and in this case, there is evidence to sustain it. Trial courts have discretionary power in passing on motions to 3. set aside defaults and judgments, and unless the record shows an abuse of this legal discretion, courts of appellate jurisdiction will not disturb the judgment of the lower court. *Milbourn* v. *Baugher* (1909), 43 Ind. App. 35, 42, 86 N. E. 874; *Matson* v. *Indiana Car, etc., Co., supra,* 184. On the facts of this case, we cannot say there was any abuse of the court's discretionary power in refusing to set aside the default. No reversible error is shown by the record.

Judgment affirmed.

Note.—Reported in 103 N. E. 663. See, also, under (1) 23 Cyc. 742, 744; (2) 3 Cyc. 366, 378; (3) 3 Cyc. 341; 23 Cyc. 895.