### Roy v. Scales.

[No. 11,227.   Filed February 23, 1922.]

1. JUDGMENT.—*Judgment by Default.—Setting Aside.—Motion.
—Requisites.—Showing Meritorious Defense.—Statutes.*—Defendant's motion to set aside a judgment rendered on the failure of defendant to appear at the time set for trial, filed pursuant to §405 Burns 1914, §396 R. S. 1881, must show that defendant has a valid or meritorious defense to the original action, and must state such defense.   p. 622.

2. JUDGMENT.—*Judgment by Default.—Setting Aside.—Motion.
—Showing Defense.—Sufficiency.—Statutes.*—Defendant's motion to set aside a judgment rendered on the failure of defendant to appear at the time set for trial, filed pursuant to §405 Burns 1914, §396 R. S. 1881, alleging that defendant "has a good and.meritorious defense to said cause of action, and if .said judgment is set aside he will appear at the trial of said cause and show by proof that the plaintiff has not suffered the damages as alleged in his complaint, and that he is not entitled to the mandatory injunction as made and ordered in this cause," *held* insufficient as failing to disclose the nature of the defense.   p. 622.

3. PLEADING.—*Complaint.—Amendment.—Increasing Demand for
Damages.—Failure of Defendant to Appear at Trial.*—Where defendant entered his appearance and filed an answer in an action against him for damages, it was not error for the court to permit plaintiff, upon trial of the cause, to amend his complaint by increasing the amount of damages asked, notwithstanding that defendant did not appear at the time set for trial.   p. 623.

4. APPEAL.— *Complaint.— Amendments.— Presumptions.— Conformance to Proof.*—Where, in an action for damages, the court permitted an amendment of the complaint at the trial by changing the demand for $300 to $400, and damages for the increased amount was awarded by the court, the court on appeal will presume that the complaint was amended to conform to the proof.   p. 623.

5. PLEADING.— *Complaint.— Amendments.— Statute.— Scope for
Application.*—Section 662 Burns 1914, Acts 1903 p. 338, requiring motions, to amend by inserting new matter or to strike out parts of a pleading, to be in writing, is. not applicable to motions for permission to amend complaint by increasing the amount of damages demanded.   p. 623.

6. JUDGMENT.—*Defendant's Failure to Appear for Trial.—
Right to Proceed with Trial.*—Where defendant although filing

an answer, failed to appear at the time set for trial after having been "called" by the court, the court did not err in proceeding to hear the witnesses for plaintiff and to dispose of the case. p. 624.

From Pike Circuit Court; *John F. Dillon,* Judge.

Action by John W. Scales against Elijah Roy in which judgment was rendered for plaintiff. Defendant's motion to set aside the judgment was denied, and he appeals. *Affirmed.*

*Roscoe Kiper, Henry F. Fulling* and *Arthur H. Taylor,* for appellant.

*Frank Ely,* for appellee.

ENLOE, J.—The record in this case discloses that this action was begun by the appellee by filing his complaint in the Pike Circuit Court on September 4, 1919. It further discloses that on September 23, 1919, the appellant appeared by counsel and filed his demurrer to said complaint, and that afterward on February 6, 1920, said demurrer was by the court sustained and appellee given leave to file an amended complaint; that thereafter an amended complaint was filed and a rule taken against the appellant to answer said complaint by February 13, 1920; that on February 13, 1920, appellant appeared in said cause by his attorneys and filed his demurrer to said amended complaint; that on February 19, 1920, said demurrer was by the court overruled and appellant ruled to answer said amended complaint by February 27, 1920; that on February 26, 1920, an answer of general denial was filed to said complaint.

It further appears from the record herein, as shown by order-book entry, that on May 13, 1920, the following proceedings were had in this cause,—"Comes now the plaintiff in person and by his attorneys, Frank Ely and Harry W. Carpenter, but the defendant comes not either in person or by attorney, and this being the day that

said cause was assigned for trial, and now the defendant being three times solemnly called in open court comes not but herein wholly makes default.

"And now said cause is submitted to the court for trial, finding and judgment without the intervention of a jury." The record further discloses that the cause was then and there heard by the court and a finding made in favor of appellee with judgment and decree accordingly.

It further appears by said record that after the submission of said cause and upon the trial thereof the appellee asked leave of the court to amend the prayer of his complaint in the amount of the damages asked so that said prayer would read $400 instead of $300 as the same was originally filed, which leave the court granted and the complaint was so amended.

It further appears that on May 17, 1920, the appellant by his attorneys appeared in court and filed their petition to set aside said judgment under the provisions of §405 Burns 1914, §396 R. S. 1881.

On May 27, 1920, the said court having considered said motion and the evidence offered in support thereof, overruled the same and appellant was given thirty days in which to prepare and present a bill of exceptions. Thereafter, on June 1, 1920, the appellant filed his motion for a new trial in the above cause assigning various reasons therefor, not necessary to be set out in this opinion. This motion was finally overruled May 26, 1921, at which time appellant prayed an appeal to this court and time was given in which to file bond and bill of exceptions which were thereafter duly filed and this appeal duly perfected.

The errors assigned and presented relate: (1) to the action of the court in overruling appellant's motion to set aside said judgment; (2) permitting appellee to amend his complaint in the respect stated; (3) the trial

and rendition of judgment in said cause in the absence of defendant; and (4) that the decision of the court is contrary to law.

It appears from this record that the parties hereto are the owners of adjacent tracts of land in Pike county; that forty acres owned by the appellant adjoins forty acres owned by the appellee on the north, the two forties comprising the west half of the northeast quarter of section 13, township 3 south, and range 8 west.

By the complaint herein the appellee sought to have a certain private nuisance—a ditch constructed by the appellant on the line between the lands owned by the respective parties—abated, and he asked also for a money judgment for damages which he alleged he had suffered.

We shall first notice the action of the court in refusing to set aside said judgment and grant a new trial.

The law does not require that courts shall do useless things. The appellant either did, or did not have a defense to appellee's cause of action. If he had 1, 2. no defense thereto—if he had been guilty of doing the wrongful act complained of whereby appellee had sustained damage—then appellee would upon another trial be entitled to the relief granted in the trial already had, and such second trial would avail nothing. Hence we have the rule that in cases of this kind the application must show that the applicant has a valid or meritorious defense to the original action, and it must state what that defense is. *Rupert* v. *Martz* (1888), 116 Ind. 72, 18 N. E. 381; *Zeigler* v. *Funkhouser* (1908), 42 Ind. App. 428, 85 N. E. 984; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351. The appellant in his said petition alleged: "That he has a good and meritorious defense to said cause of action, and if said judgment is set aside he will appear at the trial of said cause and show by proof that the plaintiff has

not suffered the damages as alleged in his complaint, and that he is not entitled to the mandatory injunction as made and ordered in this cause." This does not meet the requirement of the law. What the particular defense, which they propose to make upon a second trial, is, he does not disclose. Before a trial upon the merits a general denial is sufficient, and the party is not required to disclose what particular defense he proposes to make under such answer. But upon an application of this kind it is different—the particular defense must be disclosed. This the law requires in the interest of justice. The court did not err in refusing to set aside said judgment and grant a new trial.

Neither do we think the court committed any error in permitting the appellee to amend his complaint, as to the amount of damages. The issue was in no 3-5. way changed. Our statute (§394 Burns 1914, §385 R. S. 1881) provides: "The relief granted to the plaintiff, if there be no answer, can not exceed the relief demanded in his complaint; but, *in any other case,* the court may grant him any relief consistent with the case made by the complaint and embraced within the issues." (Our italics.) The complaint having been amended by changing the demand as to damages from $300 to $400, and the court having found the damage to be $400, we must presume that the complaint in this particular was amended to conform to the proof. (Even had such change or amendment not actually been made, it was authorized by the above statute.) An answer herein having been filed, on appeal we would deem the amendment to have been made so that it would conform to the assessment of damages as made by the court. *City of Decatur* v. *Grand Rapids, etc., R. Co.* (1897), 146 Ind. 577, 45 N. E. 793; *Noyes Carriage Co.* v. *Robbins* (1903), 31 Ind. App. 300, 67 N. E. 959. The appellant had filed his answer to the complaint, and

thereafter he could no more prevent the appellee from amending his complaint, as to the amount of the demand, by staying away from court and not participating in the trial of his case, than he could have prevented the same action by being present in court and refusing to participate in the trial.    It is urged that it was error to allow the said complaint to be amended because no motion in writing asking for leave to amend was made. Appellant seems to rely upon §662 Burns 1914, Acts 1903 p. 338, but that section has no application to amendments of the character now under consideration; it applies only to amendments *inserting new matter,* or to motions to *strike out* parts of a pleading, deposition, etc.   The court did not err in allowing said amendment.

It appears from this record that said cause had been set for trial, and that May 13, 1920, had been set and designated as the day for such trial.   On that day the appellant did not appear either in person or by counsel.   The court thereupon ordered the appellant to be "called" which was done, and he failing to appear, the court proceeded to hear the witnesses for appellee and to dispose of the case.   In this there was no error.   While the appellant was "called" to come into court he had an answer on file, which requires the appellee to make proof of the material averments of his complaint, and this was in no proper sense a judgment by default and the court did not err in proceeding with the trial of said cause and in rendering its judgment therein, because of the absence of the appellant.

The decision of the court is sustained by sufficient evidence, and is not contrary to law.   The judgment is affirmed.

Dausman, J., dissents.