STRICKLAND *v.* O'REAR.

[No. 19,298. Filed September 20, 1961. Rehearing denied November 10, 1961. Transfer denied January 31, 1963.]

*DeRoo Weber,* of Mt. Vernon, for appellant.

*John D. Clouse,* of Evansville, for appellee.

RYAN, P. J.—Appellant, the plaintiff below, filed his complaint to set aside a default judgment which had been rendered against him in the Posey Circuit Court. The appellee filed his answer denying the material allegations thereof under Rule 1-3, and a second paragraph of answer pleading res judicata. The appellant, plaintiff below, then filed his second paragraph of complaint, alleging among other things that the appellant had filed his motion to set aside the judgment, that a hearing was held thereon, and that the same was overruled. The appellant further filed his reply to the appellee's, defendant below, second paragraph of answer which denied the allegations of res judicata, and the defendant-appellee filed his answer to the plaintiff's, appellant, second paragraph of complaint, admitting the allegations therein.

By agreement of the parties the court then found for the defendant-appellee upon the plaintiff-appellant's first paragraph of complaint and for the defendant-appellee upon both his first and second paragraphs of answer to the plaintiff-appellant's first paragraph of complaint.

It was then stipulated by and between the parties that the allegations in the plaintiff-appellant's second paragraph of complaint were true and that the same should be admitted into evidence. No further evidence was introduced, and on this state of the record the court rendered judgment for the defendant-appellee and against the plaintiff-appellant. The plaintiff-appellant then filed his motion for a new trial, which was overruled, and from such action of the trial court prosecutes this appeal.

This court in the case of *Swartz* v. *Swartz* (1951), 121 Ind. App. 635, 101 N. E. 2d 822, at 121 Ind. App. page 643, stated:

"The law regarding the setting aside of default judgments, taken as a result of the mistake, inadvertence, surprise or excusable neglect of the defendant, is ably stated in the following cases:

"In the case of *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 252, 253, 159 N. E. 753, the court said:

" 'Under the statute now in force (§423 Burns 1926), as under former statutes somewhat similar in effect (§396 R. S. 1881), to obtain relief from a judgment taken against a party by virtue of the action granted him by this statute, two things must concur: (1) The judgment taken against the judgment defendant through his mistake, inadvertence, surprise or excuseable neglect; and (2) his showing by his complaint that he has a meritorious defense to the cause of action upon which the judgment against him was founded. *Woodward* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Nash* v. *Cars* (1883), 92 Ind. 216; *Nord* v. *Marty* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N. E. 351.

" 'It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984.'

"In the case of *Carty* v. *Toro* (1944), 223 Ind. 1, 4, 57 N. E. 2d 434, the court stated:

" 'As indicated in the beginning the trial court in ruling upon the petition was required to exercise a sound judicial discretion. 31 Am. Jur. *Judgments,* §717, *U.S. Fidelity, etc. Co.* v.

*Poetker* (1913), 180 Ind. 255, 268, 102 N. E. 372, 376. Its decision will be set aside only for an abuse of such discretion. With this rule in mind the facts alleged must be analyzed.' "

The authority cited above reveals that there is a well settled rule in this state that trial courts have discretionary power in passing on motions or petitions to set aside default judgments, and unless the record shows an abuse of this legal discretion, courts of appellate jurisdiction will not disturb the judgment of the lower court. See also: *Kruse* v. *State, ex rel.* (1913), 55 Ind. App. 203, 103 N. E. 663; *Delewski* v. *Delewski* (1921), 76 Ind. App. 44, 131 N. E. 229; *Houser* v. *Laughlin* (1914), 55 Ind. App. 563, 104 N. E. 309.

With this rule in mind it is essential to analyze the facts alleged in the appellant's second paragraph of complaint which was the only evidence before the trial court to determine if the court did in fact abuse its discretion in refusing to set aside the default judgment.

The first five numerical paragraphs of the appellant's second rhetorical paragraph are merely a recital of the action taken in the trial court in regard to the original cause of action which resulted in the default judgment in favor of the appellee. The sixth numerical paragraph is a statement of the nature of the cause of action. The seventh paragraph is an allegation that the default judgment was contrary to law because the relief granted to a plaintiff in a case where the defendant has been defaulted cannot exceed that which is demanded in the complaint. There was a prayer by the appellant that the judgment be set aside and that he be allowed to make his defense.

The question as to whether or not it is essential for one seeking to set aside a default judgment to show that he has a meritorious defense to the original action has been well settled by our courts.

This court in the case of *Roy* v. *Scales* (1922), 77 Ind. App. 619, 133 N. E. 924, at 77 Ind. App. page 622, stated:

> "The law does not require that courts shall do useless things. The appellant either did, or did not have a defense to appellee's cause of action. If he had no defense thereto — if he had been guilty of doing the wrongful act complained of whereby appellee had sustained damage — then appellee would upon another trial be entitled to the relief granted in the trial already had, and such second trial would avail nothing. Hence we have the rule that in cases of this kind the application must show that the applicant has a valid or meritorious defense to the original action, and it must state what that defense is. *Rupert* v. *Martz* (1888), 116 Ind. 72, 18 N. E. 381; *Zeigler* v. *Funkhouser* (1908), 42 Ind. App. 428, 85 N. E. 984; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351. The appellant in his said petition alleged: 'That he has a good and meritorious defense to said cause of action, and if said judgment is set aside he will appear at the trial of said cause and show by proof that the plaintiff has not suffered the damages as alleged in his complaint, and that he is not entitled to the mandatory injunction as made and ordered in this cause.' This does not meet the requirement of the law. What the particular defense, which they propose to make upon a second trial, is, he does not disclose. Before a trial upon the merits a general denial is sufficient, and the party is not required to disclose what particular defense he proposes to make under such answer. But upon an application of this kind it is different — the particular defense must be disclosed. This the law requires in the interest of justice. The court did not err in refusing to set aside said judgment and grant a new trial."

On this same point, our Supreme Court in the case of *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N. E. 2d 275, stated at 237 Ind. pages 176 and 177:

> "This court has similarly held that under the surprise and excusable neglect statute, a motion or complaint to set aside a judgment will not be entertained, unless among other things, the party seeking to set aside the judgment alleges that he has a meritorious defense thereto. *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 159 N. E. 753; *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Nash* v. *Cars et al.* (1883), 92 Ind. 216; *Nord* v. *Marty* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill and Another* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N. E. 351."

The appellant contends that the second paragraph of his complaint did state a mertioricus defense. He seems to base this contention on the fact that the fourth numerical paragraph in his second rhetorical paragraph stated:

> "4. That on November 2, 1957, being the last day of the October Term of court, the following motion was filed, which, omitting the caption, reads as follows, to-wit:
>
> "'The defendant, Don Strickland, moves the court to set aside the judgment taken against him at this term of court, for the following reasons:
>
> "'1. That the sheriff did not personally serve this defendant, that he left a summons at his office and said summons was never seen by the defendant.
>
> "'2. That the defendant has a defense to the complaint, as said complaint alleges breach of a partnership agreement, and no where in the complaint does the plaintiff alleges any definite breaches.
>
> "'3. The return of the sheriff shows that the summons was left at the last and usual place of residence of the defendant, when said summons

was never left at his home, and that is the usual return made by any sheriff.

"'WHEREFORE, the defendant moves the court to set aside said judgment taken at this term of court.'"

The appellant's contention is that when the appellee admitted the allegations of the appellant's second paragraph, the reasons for appellant's motion for a new trial, as set out above, concerning service on the appellant creates a defense which appears on the face of the record. We cannot agree with the appellant's contention on this point. We are of the opinion that the appellee's admission of all the allegations in appellant's second paragraph only extended to admitting that the motion to set aside the judgment was filed by appellant, but did not extend to admitting the reasons which appellant advanced in the lower court to support his motion.

The appellant did in the first paragraph of his complaint allege that he had a meritorious defense to the original action and stated what that defense was but by his own agreement, appellant permitted the court to find against him on his first paragraph.

In view of our above conclusions, we are of the opinion that the appellant failed in his second paragraph of his complaint, which is the only evidence in this cause of action, to state a meritorious defense to the original action wherein the appellee recovered the default judgment.

Appellant further contends that the judgment of the court was in excess of that which was demanded in the prayer to the complaint. The prayer is as follows:

"WHEREFORE, plaintiff prays that an account be taken of said accounts, which have come

into the hands of the defendant; that defendant be required to account for and pay the same to plaintiff; and all other just and proper relief."

It should be noted that the plaintiff does not ask for a specific amount but prays that the defendant be required to make an accounting and to pay the same to the plaintiff. It was therefore entirely proper for the trial court to order the defendant to pay to the plaintiff the accounts which it determined the defendant had collected as alleged in the complaint. While a judgment upon default cannot extend beyond the cause of action stated, it may go to the full extent of the complaint. *Lawrence* v. *Beecher* (1888), 116 Ind. 312, 19 N. E. 143.

There being no reversible error, the judgment is affirmed.

Judgment affirmed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 176 N. E. 2d 902.