JOHN J. KRECZMER *v*. ALLIED CONSTRUCTION COMPANY ET AL.

[No. 372A138. Filed July 10, 1972. Rehearing denied August 23, 1972. Tranfer denied January 11, 1973.]

*Peter J. Nemeth,* South Bend, *Edward N. Kalamaros & Associates,* of South Bend, for appellant.

*Arthur A. May, Crumpacker, May, Levy & Searer,* of South Bend, for appellees.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the granting by the trial court of defendants-appellees' motion to vacate the default judgment entered in favor of plaintiff-appellant John J. Kreczmer was contrary to law.

On September 21, 1966, plaintiff-Kreczmer filed his complaint against Allied Construction Company (Allied) and William C. Severeid for loss of services of his wife and property damage. The complaint alleged, *inter alia,* that the plaintiff's wife was negligently injured in a collision between a car driven by his wife and a truck driven by Severeid and owned by Allied. The complaint prayed for judgment in the sum of $25,000 for medical expenses and loss of services, and for judgment in the sum of $350 for property damage.

Summons was issued and duly served by the Sheriff of St. Joseph County. On October 25, 1966, defendants having failed to appear, were defaulted. The cause was submitted to the court for trial without intervention of a jury, and subsequently judgment was entered for plaintiff-Kerczmer in the amount of $4,300, plus costs.

Thereafter, defendants filed a motion to set aside the default judgment alleging, *inter alia,* that defendants' failure to appear was due to the inadvertence and excusable neglect of defendants acting by and through their legal counsel and that the defendants have a good and meritorious defense. Evidence was heard by the trial court, and at the conclusion thereof the trial court granted the motion filed by defendants

to set aside the default judgment. Plaintiff-Kerczmer timely filed his motion to correct errors which was overruled by the trial court, and this appeal followed.

It is incumbent upon a party seeking to set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect to show two things: 1) that the judgment was taken as a result of his mistake, inadvertence, surprise or excusable neglect, and 2) that he has a good and meritorious defense to the cause of action. *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N. E. 2d 275 (cert. denied, 356 U.S. 225, 78 S. Ct. 700, 2 L. Ed. 2d 712) ; *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 159 N. E. 753; *Strickland* v. *O'Rear* (1961), 134 Ind. App. 247, 176 N. E. 2d 902 (transfer denied) ; *Swartz* v. *Swartz* (1951), 121 Ind. App. 635, 101 N. E. 2d 822.

We will first consider whether the judgment was taken through the mistake, inadvertence, surprise or excusable neglect of the defendants.

The testimony contained in the record before us may be summarized as follows:

Defendant-Severeid testified that after receiving a copy of the complaint and summons he went to see Thomas Reed, Jr., the owner of Allied, to "find out just what it was all about." He testified that he left the summons and complaint with Reed.

Mr. Reed testified that although he didn't truthfully remember whether the complaint and summons were taken or picked up, they were turned over to the State Farm Mutual Automobile Insurance Company, Allied's insurance carrier.

The insurance adjuster for State Farm testified that he received copies of the complaint from his insured. He testified that he told Severeid and Allied that "this will be given to our company attorney." He testified that he called the company attorney, Arthur A. May, and asked him to make an appearance. He testified that he put the material in an envelope and mailed it to the attorney.

Mr. May testified that it was a practice in his office to have one girl receive the mail and distribute it to the various attorneys to whom it was addressed. He testified that he was working on a case out of town and when he returned the file was not on his desk but had been filed away so that he was not aware of the appearances. He testified that in December of 1966 the manila envelope in question was found filed away in a file drawer without an appearance being entered. He testified that the envelope was very similar to other files which at the time were being transferred to him from previous counsel for State Farm.

In cases where the trial court has refused to vacate a judgment by default it has often been held that the negligence of an attorney does not relieve the client of the default. *Sharp* v. *Grip Nut Co.* (1945), 116 Ind. App. 106, 62 N. E. 2d 774; *Delewski* v. *Delewski* (1921), 76 Ind. App. 44, 131 N. E. 229. See also: 17 I. L. E., *Judgment*, § 188, at 295, and cases there cited.

This general rule, however, is not a steadfast rule of law. The particular facts of the individual case are controlling. The decision to set aside a default rests within the sound discretion of the trial court.

In *Carty* v. *Toro* (1944), 223 Ind. 1, at 4, 57 N. E. 2d 434, at 435, the Supreme Court of Indiana stated:

"As indicated in the beginning the trial court in ruling upon the petition was required to exercise a sound judicial discretion. 31 Am. Jur. *Judgments,* § 717, *U.S. Fidelity, etc. Co.* v. *Poetker* (1913), 180 Ind. 255, 268, 102 N. E. 372, 376. Its decision will be set aside only for an abuse of such discretion."

*Masten* v. *Ind. Car, etc. Co.* (1900), 25 Ind. App. 175, 57 N. E. 148, was an appeal from an order of a trial court setting aside a default and vacating a judgment previously entered in favor of the appellant. The pertinent portions of the opinion of the Appellate Court of Indiana, at 179-182 of 25 Ind. App., at 150-151 of 57 N. E., read as follows:

"The affidavit of Mr. Ketchum shows, among other things, * * * he was * * * called away from his office on the three days following the 8th day of May; * * * that on May 8th, he received a letter inclosing a copy of the summons and intending to send them to his private office asking his assistants to attend to the case, as was his custom in such matters; that he did not send the letter and summons, but left them on his desk where, either by the carelessness of the janitor or of some one unknown to the affiant, they became covered up with other papers and thenceforth escaped his attention; * * *. The court's conclusion will not be disturbed if it is supported by any evidence and, unless there is a clear failure to prove, it must stand. *Nash* v. *Cars*, 92 Ind. 216; *Carter* v. *Plate Glass Co.*, 85 Ind. 180; *Williams* v. *Grooms*, 122 Ind. 391, [24 N. E. 158]; *Murrer* v. *Security Co.*, 131 Ind. 35, [30 N. E. 879]; *Devenbaugh* v. *Nifer*, 3 Ind. App. 379, [29 N. E. 923]; *Wells* v. *Bradley*, 3 Ind. App. 278, [29 N. E. 572].

\* \* \*

"Whether or not the affidavits show mistake, inadvertence or excusable neglect is a question of fact. If the term 'excusable neglect' had a fixed legal meaning, the question would be different. In such case all the facts are to be considered in determining whether the one essential fact of excusable neglect is shown. * * * In such case there must be evidence to show the inferential fact of excusable neglect. This evidence may be slight, but if there is some evidence it will control on appeal. If the evidence of the moving party shows inexcusable neglect, or if the facts are undisputed and the conclusion to be drawn from those facts is indisputable, the question for the trial court is then one of law. But unless the court can say that there is no evidence showing excusable neglect, or that the moving party has himself shown inexcusable neglect, the question is one of fact.

"As we view the facts set out in the affidavits they tend to sustain the finding of inadvertence and excusable neglect. This evidence might be differently viewed by different courts, but the question here is, was there evidence to sustain the finding?"

See also the more recent case of *Continental Assurance Company* v. *Sickels* (1969), 145 Ind. App. 671, 252 N. E. 2d 439, 19 Ind. Dec. 302 (transfer denied), in which it was held to be excusable neglect where the defendant's failure to

appear resulted from the inadvertent attaching, by paper clip, of the summons and complaint to documents in another proceeding.

In the instant case the defendants knew when they were to appear in court. They did not appear. They did not check to make sure an attorney would appear in their behalf. The negligence of the attorney in not appearing is the negligence of the defendants. However, the trial court felt that the failure of the defendants to appear was excusable. While reasonable men might view the evidence differently, the facts contained in the record before us support the conclusion reached by the trial court. No abuse of discretion is shown.

The next issue is whether a good and meritorious defense was shown.

In *Cantwell* v. *Cantwell, supra,* at 176-177 of 237 Ind., at 279-280 of 143 N. E. 2d, our Supreme Court held:

> "This court has similarly held that under the surprise and excusable neglect statute, a motion or complaint to set aside a judgment will not be entertained, unless among other things, the party seeking to set aside the judgment alleges that he has a meritorious defense thereto. *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 159 N. E. 753; *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Nash* v. *Cars et al.* (1883), 92 Ind. 216; *Nord* v. *Marty* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill and Another* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N. E. 351.
>
> "The rule requiring a meritorious defense to be shown before a judgment will be set aside, in a proceeding such as the one before us, is a reasonable condition interposed by courts of equity. This is not unreasonable to a defendant, for under the authorities the only showing such defendant need make to invoke the aid of equity in this respect is to indicate he has a prima facie meritorius [meritorious] defense to the judgment he seeks to set aside." [Footnotes omitted.]

In the instant case the affidavit of Arthur A. May filed in support of the motion to set aside the default judgment alleges the existence of a meritorious defense, to-wit: That at the time of the accident Kreczmer's wife disobeyed a "yield

right-of-way" and entered the intersection striking the vehicle driven by Severeid and owned by Allied.

Appellant does not contend that this affidavit does not contain a meritorious defense. Rather, the crux of appellant's contention is that this affidavit may not be considered as a part of the evidence in determining whether a meritorious defense was presented. In support of this contention appellant cites the case of *Strickland* v. *O'Rear, supra* (1961), 134 Ind. App. 247, 176 N. E. 2d 902 (transfer denied). In *Strickland* the court on review held that the appellant failed in his second paragraph of his complaint, the only evidence in that cause of action, to state a meritorious defense to the original action wherein appellee recovered the default judgment. *Strickland* does not support appellant's contention.

In *Schepp* v. *Pogue, et al.* (1968), 142 Ind. App. 341, at 343, 234 N. E. 2d 874, at 875-876 (transfer denied), which is dispositive of the present issue, the court stated:

> "Generally speaking, in a proceeding to set aside and vacate a default judgment which is taken through mistake, excusable neglect, inadvertence, or surprise, no answer, or other pleadings beyond the complaint or motion are necessary or contemplated. The matter is submitted on the complaint or motion and the evidence in support thereof. This evidence may consist of the complaint or motion itself, if it is verified, or affidavits and depositions in support of the complaint or motion, or oral testimony. See Wiltrout, Indiana Practice, Vol. 2, Sec. 1230, p. 241, and authorities cited therein. If the Petitioner is prevented from introducing such evidence, then it is incumbent upon him to protect his record by making proper offers to prove."

In the instant case, the affidavit of Arthur A. May was properly considered by the trial court in determining whether to grant the motion to set aside the default judgment.

The judgment of the trial court is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 869.