RAY MASTERSON *v.* HAROLD B. ORMAN ET UX.

[No. 172A15. Filed July 31, 1972.]

*Terry Noffsinger,* of Evansville, *Bates and Ewers,* of counsel, of Evansville, for appellant.

*Edwin R. Smith, Jr.,* of Evansville, for appellees.

LYBROOK, J.—This appeal is from the overruling of defendant-appellant's (Masterson) Motion to Set Aside a Judgment entered in favor of plaintiffs-appellees.

Masterson argues, and thus preserves, only two alleged errors. Appellate Rule 8.3. (1) That his attorney, Donna Ray Hagedorn, did not properly withdraw her appearance on his behalf, leaving him "at the courtroom door without his

lawyer", and (2) that her later testimony, concerning the withdrawal of her appearance, was a violation of the attorney-client privilege.

The facts surrounding this controversy are that on June 8, 1971, Donna Ray Hagedorn, Legal Aid Attorney, entered an appearance for Masterson. Several times prior to August 4, 1971, she notified him that she could no longer represent him, "as he would not accept a settlement which had been offered and thus a trial would be necessary . . ." and that he should seek other counsel.

On August 6, 1971, the day of trial, Masterson came to the Legal Aid office and it was suggested that he appear at the trial. Donna Hagedorn also appeared at the trial and advised the court that she was no longer representing the defendant, that she had previously called the Judge's office and had verbally delivered a Minute showing her withdrawal as attorney of record. Thereupon the court allowed her withdrawal and advised Masterson of his right to counsel and asked him if he wanted a continuance in order to secure an attorney or if he wished to represent himself and proceed with the trial. Masterson stated that he would act as his own attorney and that he was agreeable to proceeding with the trial.

At the hearing on the Motion to Set Aside Judgment, the court advised Masterson's new attorney, Donald Ewers, that his Motion would be sustained if he could present a defense to the complaint. In fact, the court delayed its ruling on the Motion for 22 days and gave the defendant an opportunity to present such defense. None being presented, the court overruled the Motion on October 14, 1971.

Masterson first contends that the trial court erred in permitting the withdrawal of the appearance without compliance with a local rule of court requiring 10 days notice to the client. This contention is without merit upon appeal since the trial record indicates that

Masterson not only was notified several times prior to trial that Donna Ray Hagedorn would not represent him, but also waived his right to counsel and chose to represent himself. The technical non-compliance with the local rule was harmless under the circumstances.

Masterson's second contention is equally devoid of merit. Counselor Hagedorn's testimony dealt solely with her withdrawal and notification of the defendant. Defendant raised this issue and the testimony, being solely about this aspect, was neither confidential nor prejudicial to the defendant. It was therefore not improper.

Neither of appellant's contentions go to the merits. Assuming that he was right in both instances, which is far from conceded, he cannot prevail on this appeal because at no step of the proceeding has he alleged a meritorious defense to this action.

After the court offered to set the judgment aside if Masterson presented a defense, he failed to take advantage of this opportunity. Absolutely nothing in the evidence, the Motion to Set Aside Judgment or the Motion to Correct Errors suggests any defense to this action, meritorious or otherwise. Nowhere in appellant's brief do the words "meritorious defense" even appear.

As the court said in *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N. E. 2d 275:

> "There is a maxim that courts of equity will not do or require the doing of a vain or useless thing, yet there is nothing more useless or vain than the setting aside of a judgment although no defense to it exists. Defendant's action to set aside the judgment without any claim of merit to his defense is accordingly only a moot proceeding as far as equity is concerned. Equity is also desirous of preventing circuity of action, and this purpose is served by equity's refusal to upset a judgment when the defendant petitioner has set forth nothing to indicate that if the cause were tried again on the merits a different result would be reached.
>
>         *   *   *
>
> As appellant's motion to set aside judgment was insufficient, in view of its failure to allege appellant had a good

and meritorious defense to the cause of action upon which the judgment was based, it is accordingly our conclusion that the lower court's action in overruling the motion to set aside judgment was not error."

See also, *Strickland* v. *O'Rear* (1961), 134 Ind. App. 247, 176 N. E. 2d 902.

Appellant's failure to plead or prove a meritorious defense is fatal.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 285 N. E. 2d 282.