Lawrence A. **LIPSCOMB**, Appellant (Plaintiff Below),

v.

Frank P. **MARKWARD**, Appellee (Defendant Below).

No. 3–583A153.

Court of Appeals of Indiana, Third District.

Dec. 27, 1983.

---

James J. Nagy, Munster, for appellant.

Jay A. Charon, Merrillville, for appellee.

STATON, Judge.

Lipscomb brought a personal injury action against Markward. When Markward failed to plead, the court entered a default judgment against Markward and awarded damages of twenty five thousand dollars ($25,000.00) to Lipscomb. Eleven days later Markward moved under Ind.Rules of Procedure 60(B)(1) [1] for relief from the judgment. The trial court granted relief and Lipscomb appeals. He contends that the trial court abused its discretion by finding excusable neglect in Markward's failure to plead. We affirm.

Markward had notified his insurance company of the suit and had forwarded to it the summons and complaint. Representatives of the insurance company testified that they decided to deny the claim and to defend the suit. Because the insurance company was temporarily understaffed, the person responsible for contacting defense counsel to answer the complaint was overworked and the case was inadvertently never assigned to an attorney.

Whether neglect is excusable depends on the particular facts and circumstances of the case. *Kreczmer v. Allied Construction* (1972), 152 Ind.App. 665, 284 N.E.2d 869 at 871, *reh'g denied.* The trial court is vested with broad discretion in its determination of the existence of excusable neglect. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, 340. We will reverse the trial court only for an abuse of that discretion. *Id.* Where there exists even slight evidence of excusable neglect, that evidence will control on appeal. *Kreczmer,* 284 N.E.2d at 871.

The court was presented with affidavits and oral testimony from which it could have inferred excusable neglect. Further, in reaching its decision, it may have properly considered: Markward's

---

1. "Trial Rule 60

"Relief from Judgment or Order

\* \* \* \* \* \*

"(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may

relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

"(1) mistake, surprise, or excusable neglect;"

questionable liability, *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 637; the lack of undue delay in filing for relief, *id.;* the lack of prejudice to Lipscomb, *id.;* the amount of damages involved, *id.;* the fact that there was no communication between Lipscomb's attorney and the insurance company after the suit was filed, *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288 at 290; and, the lack of negligence in the conduct of Markward himself. *Rose v. Rose* (1979), Ind.App., 390 N.E.2d 1056. The court did not abuse its discretion when it granted relief from the judgment.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.