RICHARD F. PAYNE *v.* JOEL BENJAMIN DOSS.

[No. 3-875A163. Filed September 16, 1976.]

*Charles M. Russell*, of Indianapolis, for appellant.

*David B. Keller, II, Joseph W. Kimmell, Parker, Hoover, Keller & Waterman,* of Fort Wayne, for appellee.

HOFFMAN, J.—Defendant-appellant Richard F. Payne (Payne) appeals from a judgment pursuant to a default order entered after his failure to timely respond to the complaint filed by plaintiff-appellee Joel Benjamin Doss (Doss). The issue presented is whether the trial court abused its discretion in granting Doss' application for default and denying Payne's subsequent motion for relief therefrom.

On May 31, 1974, Doss filed his complaint against Payne alleging that he had been assaulted and twice shot and was therefore deserving of damages for permanent injuries, pain and suffering. A copy of the complaint and summons were served on Payne June 4, 1974. On June 26, 1974, with no appearance or responsive pleading having been filed, Doss moved for a default against Payne. Thereupon the trial court, after having granted the motion, entered a default and set the hearing on damages for October 4, 1974. Immediately prior to the time of the hearing, Payne's attorney filed a written appearance so that the hearing on damages was continued until December 13 of that year. On December 13, 1974, Payne's attorney filed a motion to set aside the default which was denied by the trial court. The hearing on damages was subsequently held and the trial court entered judgment in the amount of $20,000 in favor of Doss. On February 11, 1975, Payne filed his motion to correct errors alleging that the trial court had abused its discretion in denying his motion to set aside the default. From the overruling of his motion to correct errors, Payne perfected this appeal.

One of the primary objectives involved in the promulgation of Ind. Rules of Procedure, Trial Rule 55, concerning defaults, was to allow for the enforcement of a timely litigation process for the purpose of avoiding procedural delay. *Clark County State Bank* v. *Bennett* (1975), 166 Ind.

App. 471, 336 N.E.2d 663. To this end the trial court is vested with the discretionary power to enter a default on the basis of a party's failure to timely plead or otherwise comply with the rules pursuant to Trial Rule 55(A), *supra*. Drawn into question then, is whether the trial court has abused its discretion in refusing to set aside the default upon Payne's motion prior to the hearing on damages and the subsequent judgment thereon. Since Trial Rule 55(A), *supra*, does not impose explicit standards for the trial court in its determination of whether to set aside an order of default, our review is only for an abuse of discretion in light of the circumstances of this particular case. *Green* v. *Karol* (1976), 168 Ind. App. 467, 344 N.E.2d 106; *Kreczmer* v. *Allied Constr. Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869 (transfer denied).

To be sure there are limits on the exercise of discretion based on the competing legal problems involved in the question of whether to enter a judgment upon procedural default in lieu of a decision on the merits. In *Green* v. *Karol, supra,* at 473 of 168 Ind. App., at 110 of 344 N.E.2d, we stated:

> "On the one hand, a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation. On the other hand, there is a marked judicial preference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. See C. Wright & A. Miller, 10 Federal Practice and Procedure § 2681 (1973)." (Footnotes omitted.)

However, in the present case we have a defendant who was properly served by the sheriff of Allen County. He was apprised of the circumstances of the case and had notice regarding the complaint of Doss. Although Payne contacted his attorney within the twenty days allowed for his responsive pleading, he did not pay the retainer fee requested until July 8, 1974, and then only in part. Finally an appearance was filed for Payne on October 4, 1974. Con-

sidering these circumstances where the trial court is unaware of any response or entrance on behalf of the defense until a full 100 days after the entry of a default, we cannot conclude that there was an abuse of discretion in its refusal to set it aside. *Duncan* v. *Binford* (1972), 151 Ind. App. 199, 278 N.E. 2d 591 (transfer denied).

The trial court's determination that Payne demonstrated no excuse for failing to enter a timely appearance or move to set aside the default until December 13, 1974, is supported by the record.

No reversible error having been demonstrated, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 354 N.E.2d 346.