BILLY D. POUNDS *v.* JIMMY VAUGHN PHARR AND LEON J. KEEL

[No. 1-177A7. Filed June 15, 1978. Rehearing denied August 14, 1978. Transfer denied May 9, 1979.]

*Thomas J. Lantz, Montgomery, Elsner & Pardieck,* of Seymour, for appellant.

*H. William Irwin, Richard E. Aikman, Jr., Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, *Taylor Hoffar,* of Seymour, for appellees.

LYBROOK, P.J.—Billy D. Pounds, plaintiff-appellant, brings this appeal following the granting by the trial court of defendants' motion to set aside an entry of default.

The facts most relevant to this appeal indicate that Pounds and defendant Jimmy Pharr were involved in an automobile collision on July 19, 1973. Pharr was operating a vehicle owned by codefendant Leon Keel. On June 20, 1974, Pounds filed suit against both Pharr and Keel. Service of complaint and summons was had by certified mail. Keel received his summons and complaint and forwarded them to his insurance broker in Illinois. No further action was taken by or on behalf of Keel until January 20, 1975. Pharr received service at his last known address when his father accepted the certified letter. Pharr's father returned the complaint and summons and enclosed a letter stating that he had no idea of his son's present location. Pharr has never appeared in person.

On August 5, 1974, Pounds filed a motion for default against Keel. Since neither defendant had appeared or pleaded, the trial court entered the default in the following manner:

"Comes now the plaintiff, by counsel. Defendants are audibly called three times and appear not. Defendants defaulted."

On January 20, 1975, Robert J. Brown, attorney, entered his appearance for defendant Keel. On March 28, 1976, H. William Irwin and Taylor Hoffar entered their appearances for both defendants. A motion to set aside the default was filed on May 13, 1976. Following argument to the trial court, the motion was granted and the default was set aside.

On the above facts the appellant presents for our review the following issue:

Did the trial court commit reversible error by setting aside its previous entry of default?

I.

A resolution of this above issue initially requires a determination of the appealability of the order setting aside the entry of default. While prior case law would indicate that no appeal could be taken (because the default was never reduced to judgment)[1] it appears that the matter was settled in Indiana by the case of *Henline,*

---

1. The case of *Green v. Karol* (1976), 168 Ind.App. 467, 344 N.E.2d 106, would appear to draw a distinction between a mere entry of default and a default judgment.

*Inc. v. Martin* (1976), 169 Ind. App. 260, 348 N.E.2d 416, in which Judge Sullivan explicitly stated that a default entry and a default judgment are to be treated alike for purposes of seeking relief therefrom. We therefore find that the order setting aside the default was an appealable order and this court has jurisdiction to hear the appeal.

Once it is established that the judgment is of such finality as to support an appeal, Ind. Rules of Procedure, Trial Rule 60 establishes the guidelines to be employed in seeking relief from a judgment. In the case at bar, the pertinent parts of TR. 60 read as follows:

"(B) Mistake — Excusable neglect — Newly discovered evidence — Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \*

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. \*\*\*"

As was pointed out by the facts listed above, approximately twenty-

one months expired between the entry of default and the filing of defendants' motion to set aside the default. The pivotal decision is therefore whether the motion to set aside was founded on one of the grounds specified in TR. 60(B)(1), (2), (3) or (4) and thus barred by the one year time limitation; or, was that motion, and its subsequent granting, based on TR. 60(B)(8) and thus committed to the trial court's discretion.

It must be initially noted that the burden of proof is upon the defaulted party to demonstrate why the default judgment should be set aside. *Green v. Karol* (1976), 168 Ind. App. 467, 344 N.E.2d 106. We must therefore review the grounds which were presented to the trial court in support of the motion to set aside the default and determine the basis which the trial court employed to grant the motion.

The only evidence presented to the trial court consisted of assertions that Keel had informed his independent insurance agent that his truck had been in an accident. Upon his being served with the complaint and summons he immediately gave them to his insurance agent who assured him that the proper people would be notified. Apparently a breakdown in communication or procedure resulted in the insurance company either not receiving notice of the suit or it received notice and neglected to take appropriate action. This is the classic situation in which mistake, inadvertence, surprise or excusable neglect can be employed by the trial court to exercise its broad discretion in setting aside a default. *Kreczmer v. Allied Construction Company* (1972), 152 Ind. App. 665, 284 N.E.2d 869. It cannot be questioned that any of the above reasons will support a discretionary decision by the trial court and this court will reverse only for a clear abuse of that discretion. *Moe v. Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761; *Payne v. Doss* (1976), 170 Ind. App. 652, 354 N.E.2d 346; *Green, supra; Henline, supra.*

However, since no evidence was presented by the defendant which could support a holding under TR. 60(B)(6), (7) or (8) we hold that the setting aside of the default must have been based on excusable neglect. The defendants strongly argue that TR. 60(B)(8) ("any other reason justifying relief from the operation of the judgment") was the basis of the trial court's ruling. They have failed to direct our attention toward any evidence, and we were unable to find any in the record, which could support "any other reason" as the basis for setting aside the default.

While it is clear that a trial court has broad discretion in setting aside defaults, when the basis for such action is within TR. 60(B)(1), (2), (3) or (4) such discretion is limited to a time period of one year following the entry of default. In the case at bar that period ended on August 5, 1975, approximately nine months before any attempt was made to set aside the default, and any discretion of the trial court ceased at that time.

Codefendant Pharr contends that the plaintiff did not apply for a default entry as to him, and therefore the entire matter is a nullity as to him. We must disagree. While it is true that the written Request for Default only included defendant Keel, in the order entering default it is clear beyond question that both defendants were being considered by the court. We must therefore presume that the trial court acted correctly, and that an oral request for default was made by the plaintiff and properly granted by the trial court.

We therefore reverse the trial court's decision setting aside the entry of default and direct the trial court to reinstate the entry of August 5, 1974. The trial court is further directed to provide such further proceedings as are necessary to reduce the matter to judgment.

Reversed and remanded.

Lowdermilk and Robertson, JJ., concur

NOTE—Reported at 376 N.E.2d 1193.