**Donald J. ROSE, Respondent-Appellant,**

v.

**Norma Jean ROSE, Petitioner-Appellee.**

**No. 1–1178A326.**

Court of Appeals of Indiana,
First District.

June 20, 1979.

---

Robert L. McLaughlin, Indianapolis, Ronald T. Urdal, Connersville, for respondent-appellant.

John W. Bodwell, Connersville, William L. Soards, Indianapolis, for petitioner-appellee.

ROBERTSON, Judge.

Respondent-appellant Donald J. Rose (Donald) appeals from a judgment refusing to set aside a default[1] dissolution decree in

1. Although no testimony was transcribed with respect thereto, it appears the trial court proceeded to hear evidence on the property disposition in Donald's absence. If such were the case, this would not be a default judgment but rather a judgment on the merits. *See In re Marriage of Robbins,* (1976) Ind.App., 358 N.E.2d 153; *Ed Martin Ford Co., Inc. v. Martin,* (1977) Ind.App., 363 N.E.2d 1292. Neverthe-

favor of petitioner-appellee Norma Jean Rose (Norma).

We reverse.

In early January of 1978, Norma filed a petition for dissolution of marriage. Donald secured as counsel a Mr. Russell and immediately filed a counter-affidavit the next day. When Mr. Russell was forced to withdraw due to hospitalization on February 27, Donald retained a Mr. Smith the same day to continue his representation. Smith filed an answer on behalf of Donald on March 6 requesting, *inter alia,* a fair distribution of the property. Thereafter, Smith withdrew with the consent of Donald and Donald immediately secured a Kentucky attorney, as Donald had since moved to the Commonwealth of Kentucky.

Donald paid the Kentucky attorney $100 who informed Donald that he would represent him and procure additional counsel in Indiana for assistance. Donald met with his Kentucky attorney four or five times and was assured that local counsel had been retained. In fact, however, the Kentucky attorney had merely contacted a Mr. Messer in Indiana who tersely declined the invitation to assist in the cause after the Kentucky attorney had continually failed to respond to Messer's letters and phone calls. Neither Messer or the Kentucky attorney filed an appearance for Donald, but apparently the trial date was postponed at the behest of Messer from May 26, to June 13, and notice thereof was sent to the attorney in Kentucky. Donald never received notice of the hearing date and was defaulted. The trial court heard evidence from Norma and awarded her a substantial share of the marital estate that had been accumulated during the 16 years of marriage.

On July 11, Donald was summoned to the Kentucky attorney's office. Both the attorney, and his secretary told him that no dissolution had yet been decreed. The Kentucky attorney then gave Donald his file and told him to see a Richmond, Indiana, attorney that he had allegedly retained for Donald. Donald went to Richmond the next morning and, after a review of his file, was told he had "had it," and was referred to his present attorney. Donald visited this attorney the same day in Connersville, Indiana, and learned for the first time of the dissolution. A motion to correct errors was timely filed requesting relief pursuant to *Indiana Rules of Procedure, Trial Rule 60(B). See* TR. 55(C).[2]

In *Kreczmer v. Allied Construction Company,* (1972) 152 Ind.App. 665, 284 N.E.2d 869, Judge Hoffman enunciated the burden imposed on Donald to set aside a default judgment on the grounds of mistake, inadvertence, surprise or excusable neglect:

It is incumbent upon a party seeking to set aside a default judgment because of mistake, inadvertence, surprise or excusable neglect to show two things: 1) that the judgment was taken as a result of his mistake, inadvertence, surprise or excusable neglect, and 2) that he has a good and meritorious defense to the cause of action.

*Id.,* at 667, 284 N.E.2d at 870 (citations omitted). *See also Pounds v. Pharr,* (1978) Ind.App., 376 N.E.2d 1193. The trial court's determination of whether to set aside a default judgment is reviewable only for an abuse of discretion. *Payne v. Doss,* (1976) Ind.App., 354 N.E.2d 346; *Pounds, supra.* An abuse of discretion has been defined as

[A]n erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom.

*Dunbar v. Dunbar,* (1969) 145 Ind.App. 479, 483, 251 N.E.2d 468, 471.[3] To add to Don-

---

less, since both parties have treated it as a default judgment, we will do likewise.

**2.** Donald has an eighth grade education and during the greater part of the above sequence of events had been suffering from considerable mental and physical disabilities due to a severe beating.

**3.** Generally, there has been a recognized judicial preference to decide cases on the merits. *See Green v. Karol,* (1976) Ind.App., 344 N.E.2d 106.

ald's burden in prevailing on his alleged grounds for relief, the negligence of the attorney is generally imputed to the client and relief is only appropriate when such neglect was excusable. *Moe v. Koe,* (1975) Ind.App., 330 N.E.2d 761. But the general rule is tempered by *Kreczmer, supra,* wherein we held that the facts and circumstances of the particular case are controlling.

 Despite the heavy burden imposed on Donald, we are compelled to conclude that the trial court abused its discretion in failing to set aside the default judgment. The facts above were uncontroverted and uncontested in the court below and are conceded by the parties on appeal. From our independent review of the record, we are left with the singular conviction that Donald was conscientious and diligent in his own right, but fell prey to unexplainable and inexcusable misfeasance[4] and nonfeasance by the Kentucky attorney, Donald's retained counsel. In a case such as this, where the uncontradicted evidence discloses that the client exercised diligence but whose rights were forfeited by attorney misconduct, the latter's negligence should not be imputed to the client. We are persuaded by *Buckert v. Briggs,* 15 Cal.App.3d 296, 93 Cal.Rptr. 61 (1971), wherein the court declared:

> As a general rule the accident or mistake authorizing relief may not be predicated upon the neglect of the party's attorney unless shown to be excusable [citations omitted], because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. [Citations omitted]. However, excepted from the rule are those instances where the attorney's neglect is of that extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence. [Citations omitted]. The exception is premised upon the concept the attorney's conduct, in effect, obliterates the existence of the attorney-

client relationship and for this reason his negligence should not be imputed to the client.

93 Cal.Rptr. at 63–4.

Secondly, accepting the facts stated in Donald's affidavit as true (*see State ex rel. Latham v. Spencer Circuit Court,* (1963) 244 Ind. 552, 194 N.E.2d 606), including allegations that Norma squandered marital assets for her personal use, we believe Donald has stated adequate grounds to be entitled to his day in court with respect to the disposition of the marital property.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views stated herein.

Reversed and remanded.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

4. From the record before us, we are sufficiently offended by the misconduct in issue that we feel duty bound to send a copy of this opinion to the proper Kentucky disciplinary authorities for whatever action they deem appropriate.