**Carl R. HENDERSON and Louie Henderson, Plaintiffs-Appellants,**

v.

**AMERICAN OPTICAL COMPANY and Warner-Lambert Company, Defendants-Appellees.**

**No. 3–180A25.**

Court of Appeals of Indiana, Third District.

April 8, 1981.

Edgar A. Grimm, Grimm & Grimm, Auburn, for plaintiffs-appellants.

William E. Borror, Fort Wayne, for defendants-appellees.

GARRARD, Judge.

Appellants, Carl Henderson and Louie Henderson, appeal from an order setting aside a default judgment entered against appellees, American Optical Company and Warner-Lambert Company.[1]

Carl and Louie Henderson brought suit against American Optical as a result of an injury Carl sustained when a piece of metal bar struck the safety glasses he was wearing. The glasses, which were manufactured by American Optical, shattered, resulting in the permanent impairment of Henderson's vision. Suit was filed on April 28, 1978, and the Hendersons served American Optical at one of its Indiana manufacturing plants. American Optical's corporate offices are located in Massachusetts. Employees at the plant where service was made were not equipped to handle legal matters, and thus transmitted the documents to corporate legal counsel in Massachusetts. The papers were then transferred through the corporation's legal and insurance departments, and it was not until June 2, 1978, that American Optical's local insurance representative secured Indiana counsel, who then promptly filed an appearance. Default judgment had been entered on May 26th. A variety of procedural maneuvers ensued, including requests for change of venue by both parties. Jurisdiction was ultimately settled in the Allen County Superior Court on or about October 18, 1978. American Optical filed its motion to set aside the default judgment on March 20, 1979.

Upon the basis of the foregoing, the trial court granted American Optical's motion to set aside, finding that entry of the default judgment "slipped through due to the administrative surprise and neglect inherent in the way the plaintiff served the complaint . . . ."

Additionally, the court stated:

"Viewed from the six factors detailed by *Green*, [*Green v. Karol* (1976), 168 Ind.App. 467, 344 N.E.2d 106] the defendant's motion should be granted because: 1) the amount involved is large, being in excess of $350,000; 2) there are material issues of fact, e. g. whether the injury was pre-existing or not; 3) there are meritorious defenses, e. g. the cautionary label on the glasses; 4) the delay is in large part, attributable to procedural maneuvering on plaintiff's part; 5) the delay is not overly long considering the circumstances, and; 6) given the product liability subject matter and the injury, very little prejudice to the plaintiffs' case can have occurred and that which may be there must be shouldered equally by plaintiffs themselves."

The Hendersons' challenge to the trial court's action may be best summarized as follows:

1. Whether the trial court abused its discretion in setting the default judgment aside upon the basis of "excusable neglect" as provided in Indiana Rules of Procedure, Trial Rule 60(B)(1).[2]

2. Whether the trial court committed an abuse of discretion in failing to hold that American Optical did not file its motion to set aside within a "reasonable time" after entry of the default judgment pursuant to TR 60(B).

Prior to proceeding to the specific issues, we note that our standard of review in the area of default judgments is a limited one. The decision whether or not to set

---

1. Warner-Lambert is the parent company of American Optical. For the sake of convenience, appellees will be referred to jointly on appeal under the name of American Optical.

2. "(B) Mistake—Excusable neglect—Newly-discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1) mistake, surprise, or excusable neglect;"

aside a default judgment is committed to the sound discretion of the trial court. Thus, our review is limited to determining whether there has been an abuse of discretion. *Green v. Karol* (1976), 168 Ind.App. 467, 344 N.E.2d 106. Additionally, as the court in *Green* noted, "A default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party." 344 N.E.2d at 111.

## I.

■ The Hendersons' first contention of error invites this court to make an independent review of the record in determining whether the evidence supports the trial court's conclusion that the judgment be set aside upon the basis of excusable neglect.[3] This we decline to do as it is outside the bounds of our appellate review.

■ There are no fixed rules for determining what constitutes excusable neglect as the facts and circumstances of no two cases are alike. *Grecco v. Campbell* (1979), Ind.App., 386 N.E.2d 960. Because of the inherently vague and general nature of the term "excusable neglect," each case must necessarily depend upon its own unique factual background. *Continental Assurance Company v. Sickels* (1969), 145 Ind.App. 671, 252 N.E.2d 439. The determination is, therefore, one committed to the trial court's discretion.

■ The Hendersons refer us to a number of cases where, under similar circumstances of bureaucratic delay, the courts did not find excusable neglect. We stress, however, that our review is greatly limited by the trial court's disposition in this particular case. As long as there is some inferential showing of excusable neglect, albeit slight, it will control on appeal. *Kreczmer v. Al-*

*lied Construction Co.* (1972), 152 Ind.App. 665, 284 N.E.2d 869.

■ We cannot conclude that, as a matter of law, no evidence existed upon which the trial court could base its finding of excusable neglect. The court found American Optical's delay in responding to the Hendersons' complaint to have resulted in part from the manner in which plaintiffs served the complaint. While American Optical's plant was legally a proper place for service, the record reveals that the Hendersons had been communicating for approximately one year prior to suit with American Optical's local insurance adjuster who advised them that he was handling the dispute on American Optical's behalf. The adjuster was not notified suit had been filed until he received the complaint from corporate headquarters over five weeks later. Although service upon the adjuster may not have constituted legal service of process, the trial court could properly have concluded that the Hendersons' failure to communicate with the person they knew was handling the matter for American Optical was a factor contributing to the entry of default. Further, given a judicial preference for deciding cases on the merits, the trial court properly considered such factors as the amount of money involved, the existence of material issues of fact and valid defenses, and the lack of prejudice to the Hendersons. The court, therefore, did not abuse its discretion in granting American Optical relief on the ground of excusable neglect.

## II.

■ American Optical's motion to set aside was granted on October 6, 1979. At that time, TR 60(B) read in pertinent part:

"The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (4) not more than one [1] year

3. American Optical urges that the Hendersons waived the right to challenge the trial court's finding of excusable neglect by failing to preserve the issue in their motion to correct errors. We conclude that while Hendersons' motion should have been more specific, the provision

in their "Statement of Facts and Grounds Upon Which Errors Are Based" that "no facts were asserted by Defendants or their counsel as excuse or justification for failure to file the Defendants' Motion ...." sufficiently preserves for review the question of excusable neglect.

after the judgment, order, or proceeding was entered or taken."[4]

Pursuant to this rule, the Hendersons contend American Optical's motion was not filed within a "reasonable time." In response, American Optical urges that we retroactively apply the present amended version of TR 60(B) which, they argue, eliminates any "reasonable time" requirement for TR 60(B)(1) motions, preserving only the specific one year filing limit. Effective January 1, 1980, the above section of the rule was amended to provide:

> "The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)."

While American Optical extensively briefed the law as to the retroactive application of procedural rules, we find it unnecessary to resolve the issue before us upon that basis.

The change in TR 60(B) was intended to bring the rule into conformance with the Court of Appeals' holding in *Pounds v. Pharr* (1978), Ind.App., 376 N.E.2d 1193, that when a motion to set aside a default judgment is sought under reason (1) of TR 60(B), it must be filed within one year from the date of the default entry, and the trial court's discretion is limited to that one year period. *See* Supreme Court's Advisory Committee Comments, 4 W. Harvey and R. Townsend, Indiana Practice at 62 (Supp. 1980). The *Pounds* decision attempted to eliminate some of the confusion among the courts and the bar engendered by the former "reasonable time" requirement of TR 60(B). Often the "reasonable time" language had been used as a means of *extending* the time for filing beyond the specific one year provision by construing the motion as one being filed under subsection (8)[5] of

the rule when, in reality, the motion was properly based upon excusable neglect pursuant to subsection (1), and thus subject to the one year requirement. Therefore, the effect of the rule change is to simply clarify the law that where a motion to set aside is based upon excusable neglect, it must be filed within one year, or the trial court lacks the discretion to set the judgment aside.

In this case, American Optical filed its motion within one year from the entry of default. There would thus appear to be no purpose served in retroactively applying the new rule. However, since the Hendersons premise their argument upon a *requirement* in TR 60(B) that motions to set aside be filed within a "reasonable time" after entry of default, American Optical urges that the rule change had the additional effect of eliminating *any* "reasonable time" requirement with respect to motions based upon TR 60(B)(1). They contend that under the new rule once a party has met the one year filing limit, a TR 60(B)(1) motion has, as a matter of law, been timely made, and the trial court is thus precluded from any consideration of the timeliness of the motion.

While the rule change clarifies TR 60(B) to the effect that the "reasonable time" language is directed toward motions based upon reasons (5), (6), (7), and (8), we cannot interpret the effect of the amended rule to be the removal of *all* consideration of time from a trial court's determination once the one year filing limit has been met. To suggest that the timeliness of a TR 60(B)(1) motion is no longer a relevant inquiry runs contrary to settled principles allowing the trial court broad discretion in balancing the unique circumstances of each default case. Time is an essential component of a court's determination as to the existence of excusable neglect. There may be cases where a

---

**4.** "Reason (1)" refers to TR 60(B)(1) motions based upon *mistake, surprise, or excusable neglect.*

**5.** Prior to the rule change, TR 60(B)(8) provided:

> "(8) any other reason justifying relief from the operation of the judgment."

It was amended to read:

> "(8) Any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)."

two week delay was unreasonable, and others where an eleven month delay was reasonable. This determination is clearly one for the trial court. Under both versions of the rule, as long as a TR 60(B)(1) motion meets the one year filing limit, a trial court is free to consider any and all relevant factors in arriving at an equitable decision.

In the instant case, it is clear from the trial court's order that it considered the reasonableness of the time involved in American Optical's delay in filing its motion to set aside. The balance was struck in favor of American Optical and we cannot say the court abused its discretion in so concluding.

No error having been found below, the judgment of the trial court is affirmed.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.