

FILED

May 30 2017, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Larry L. Barnard
Eric M. Blume
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

McKinley, Inc. a/k/a McKinley Associates, Inc. d/b/a Summer Wood Apartment Homes,

*Appellant-Defendant,*

v.

Michelle Skyllas,

*Appellee-Plaintiff.*

May 30, 2017

Court of Appeals Case No. 45A05-1612-CT-2853

Appeal from the Lake Superior Court.
The Honorable Bruce D. Parent, Judge.
Trial Court Cause No. 45D04-1101-CT-12

**Sharpnack, Senior Judge**

## Statement of the Case

[1]    McKinley, Inc., appeals the trial court's grant of Michelle Skyllas' motion to correct error, which set aside the trial court's prior grant of summary judgment to McKinley. McKinley also appeals the trial court's grant of Skyllas' motion

to withdraw and amend admissions. We reverse and remand with instructions.[1]

# Issue

McKinley raises three issues, which we consolidate and restate as: Whether the trial court erred by granting Skyllas' motions.

# Facts and Procedural History

Skyllas hired her second cousin, attorney Samuel Vazanellis, to sue McKinley. Skyllas filed suit on January 12, 2011, claiming she was injured on January 25, 2009, in a slip and fall on McKinley's property. She alleged McKinley negligently failed to remove snow and ice. McKinley filed a third-party complaint against Snow Pros, Inc., claiming Snow Pros was responsible for removing snow and ice on its property.

Skyllas concedes that Vazanellis was uncommunicative from the beginning of their attorney-client relationship, and that she had to approach him at family gatherings to obtain information about her case. Meanwhile, he failed to litigate her case. In 2015, McKinley filed two motions to dismiss Skyllas' complaint due to inactivity, pursuant to Trial Rule 41(E). The court denied the motions.

---

[1] We heard oral argument in Indianapolis, Indiana on May 4, 2017. We thank the parties for their written and oral presentations.

On May 12, 2016, the court set discovery deadlines. On May 13, 2016, McKinley served a request for admissions on Skyllas through Vazanellis. The request for admissions included potentially dispositive admissions, such as "Skyllas has no evidence that McKinley was negligent in any way" and "Skyllas did not suffer any injuries or damages as a result of the incident." Appellants' App. p. 47. Skyllas' response to the request for admissions was due within thirty days. Meanwhile, Snow Pros served interrogatories on Skyllas through Vazanellis.

Vazanellis continued to avoid communicating with Skyllas. From April through August 2016, Skyllas called his office a total of fifteen to twenty times and called his personal number weekly, and he never responded. Vazanellis also ignored her biweekly texts. In late May or early June 2016, Skyllas met with Vazanellis' wife at his office to prepare answers to Snow Pros' interrogatories. Vazanellis talked with Skyllas but did not mention the request for admissions. He told her that "he had filed everything that needed to be filed," and everything was "under control." *Id.* at 65.

On June 27, 2016, the trial court set a deadline for dispositive motions. McKinley timely filed a motion for summary judgment against Skyllas, attaching Skyllas' admissions. She did not respond within the thirty-day deadline, and on August 22, 2016, McKinley filed a request for a summary ruling.

[8] On August 25, 2016, the Indiana Supreme Court indefinitely suspended Vazanellis from the practice of law for failure to cooperate with an investigation. On August 30, 2016, the court granted McKinley's motion for summary judgment. Meanwhile, Vazanellis had spent the month of August on vacation in Greece. Skyllas learned of his vacation through her daughter, who had also vacationed in Greece for part of August and had encountered him.

[9] At some point in late August or early September 2016, Skyllas learned through her other daughter, a law student, that the Indiana Supreme Court had suspended Vazanellis' license and that McKinley had prevailed on summary judgment. She hired a new attorney.

[10] On October 3, 2016, Skyllas, through her new counsel, filed a motion to correct error pursuant to Trial Rule 59 and a motion to withdraw and amend admissions. McKinley filed responses in opposition to the motions, and Skyllas filed replies in support of her motions. On November 22, 2016, the court granted both of Skyllas' motions, concluding that Vazanellis was "extremely negligent" and effectively obliterated the attorney-client relationship. *Id.* at 24. The court further concluded withdrawal of the admissions was appropriate. Thus, the court vacated the grant of summary judgment and granted Skyllas additional time to amend her admissions. This appeal followed.

# Discussion and Decision

[11] McKinley argues the trial court should not have granted Skyllas' motion to correct error and motion to withdraw admissions because she was not entitled

to relief through those procedures. Skyllas responds that the trial court did not err because Vazanellis' conduct effectively obliterated the attorney-client relationship and she was not responsible for his actions or inactions.

[12] In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). Similarly, the grant or denial of a motion to withdraw admissions is generally reviewable for an abuse of discretion. *Gen. Motors Corp. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 889 (Ind. 1991). In this case, McKinley did not challenge any statements of fact in Skyllas' motions and does not dispute any facts on appeal. We are thus asked to decide a question of law, and we review such questions de novo with no deference to the trial court's determination. *Zoeller v. Sweeney*, 19 N.E.3d 749, 751 (Ind. 2014).

[13] In her motion to correct error, Skyllas raised no error in the process that resulted in summary judgment against her, but rather claimed that the court had erred in attributing "Vazanellis's conduct . . . to Plaintiff." Appellant's App. p. 63. We cannot conclude that the trial court's grant of summary judgment to McKinley was erroneous for purposes of Indiana Trial Rule 59. McKinley's motion for summary judgment included dispositive admissions from Skyllas due to her failure to respond. In addition, Skyllas did not respond to the motion for summary judgment. It is plain to see that the court had no choice but to grant the motion. Skyllas did not argue to the trial court or in this appeal that her discovery of Vazanellis' inaction was based on newly-discovered evidence.

Similarly, Skyllas' motion to withdraw admissions was procedurally inappropriate. It was filed after judgment had been entered, and the trial court lacked authority to rule on it. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("After a final judgment has been entered, the issuing court retains such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule.") The motion was essentially combined with the motion to correct error, and a party may not raise an issue for the first time in a motion to correct error. *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000).

We prefer to address issues on their merits where possible. *Kelly v. Levandoski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005), *trans. denied*. In this case, the trial court essentially granted relief from judgment by determining that the failure to respond to the request for admissions, which provided the basis for the grant of summary judgment, was the fault of Vazanellis and not attributable to Skyllas. Therefore, the admissions would be withdrawn and the summary judgment vacated. In effect, the court granted the type of relief that is available under Indiana Trial Rule 60(B)(1), and we will review the trial court's decision in that light.

According to Indiana Trial Rule 60(B)(1), a court may relieve a party from a judgment, including judgment by default, for "mistake, surprise, or excusable neglect." The movant must allege a meritorious claim or defense. *Id.* Our standard of review remains de novo because we are presented with questions of law.

[17] Skyllas relies on *Rose v. Rose*, 181 Ind. App. 98, 390 N.E.2d 1056 (Ind. Ct. App. 1979), to support the result reached by the trial court. In that case, Donald Rose was named as a respondent in a petition for dissolution of marriage filed in Indiana. Rose moved to Kentucky and hired a Kentucky-based attorney. The Kentucky attorney promised to hire local counsel in Indiana. Rose met with the Kentucky attorney "four or five times" and was promised each time that local counsel had been hired. 390 N.E.2d at 1057. The Kentucky attorney had contacted an Indiana attorney, who ultimately declined to file an appearance on behalf of Rose after the Kentucky attorney "continually failed to respond" to letters and phone calls. *Id.* Despite choosing not to enter an appearance, the Indiana attorney succeeded in obtaining a continuance of the evidentiary hearing, and notice of the continuance was sent to the Kentucky attorney. The Kentucky attorney did not inform Rose, and neither Rose nor the attorney appeared at the rescheduled evidentiary hearing. As a result, the trial court entered judgment against Rose and awarded a "substantial share of the marital estate" to his wife. *Id.*

[18] A month later, Rose met with the Kentucky attorney, who told him that the trial court had not yet ruled on the case. The attorney then gave the case file to Rose and sent him to a different Indiana attorney. Rose eventually learned of the judgment and, through new counsel, filed a motion for relief from judgment. The trial court denied the motion.

[19] On appeal, a panel of this Court reversed. The Court acknowledged that Rose bore a heavy burden in seeking relief because "the negligence of the attorney is

generally imputed to the client." *Id.* at 1058. In reversing, the Court characterized the Kentucky attorney's conduct as "unexplainable and inexcusable misfeasance and nonfeasance" while, in contrast, Rose was "conscientious and diligent." *Id.* The Court, citing a California case, determined that where the attorney's neglect amounts to positive misconduct, the attorney-client relationship is obliterated and negligence should not be attributed to the client. Finally, the Court stated Rose had alleged a valid defense by alleging his wife had squandered marital assets for personal use.

[20] The facts of *Rose* are quite different from the facts of this case. The Kentucky attorney repeatedly lied to Rose, stating that an Indiana attorney had been hired to represent him. Rose had no reason to believe the attorney was neglecting his case. By contrast, in this case Vazanellis failed to communicate with Skyllas from the beginning, and he repeatedly ignored her phone calls and emails during the summer of 2016. She was forced to approach him at family gatherings to get information about her case.

[21] Skyllas points out that Vazanellis told her in late May or early June 2016 "he had filed everything that needed to be filed," and everything was "under control." Appellants' App. at 65. Those statements were not necessarily untrue. The deadline to respond to the request for admissions was set to expire on June 13, 2016, so Skyllas' response was not yet late when she and Vazanellis met.

In addition, the result in *Rose* stands in contrast to the many Indiana cases which do not relieve the client from the consequences of the attorney's action or inaction. In *Ferrara v. Genduso*, 214 Ind. 99, 14 N.E.2d 580 (Ind. 1938), the Indiana Supreme Court affirmed the denial of a motion to vacate judgment. In that case, the defendants hired attorneys to represent them in a foreclosure action. The attorneys filed a general answer but did not appear in court on the day of trial and agreed with opposing counsel that judgment should be entered against the defendants. The defendants later hired new counsel, who unsuccessfully sought to vacate the judgment. On appeal, the Indiana Supreme Court concluded the actions and omissions of the attorney were attributable to the client, and the defendants were not entitled to have the judgment vacated regardless of counsel's inaction.

The principle discussed in *Ferrara* has been applied in numerous Indiana cases. *See Weinreb v. TR Developers, LLC*, 943 N.E.2d 856, 867 (Ind. Ct. App. 2011) (affirming denial of two motions for relief from judgment and noting even gross negligence by attorney was insufficient to establish grounds for relief), *trans. denied*; *Thompson v. Thompson*, 811 N.E.2d 888, 904 (Ind. Ct. App. 2004) (affirming denial of motion for relief from judgment; Court concluded attorney's negligence was binding on client), *trans. denied*; *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1256 (Ind. Ct. App. 1999) (reversing denial of Rule 60(B) motion where opposing counsel had informed defendant there was no need to file answer while settlement discussions were ongoing and later obtained default judgment for failure to file answer), *trans. denied*; *Int'l Vacuum,*

*Inc. v. Owens*, 439 N.E.2d 188, 190 (Ind. Ct. App. 1982) (affirming denial of motion to set aside default judgment; appellant failed to demonstrate it had exercised due diligence in keeping informed about the case). We conclude that *Rose* is factually unique and does not support a departure from the weight of Indiana authority in this case.

Based upon our review of governing caselaw as applied to the undisputed facts of this case, Vazanellis' misconduct, while deplorable, was attributable to his client for purposes of Trial Rule 60(B). We cannot conclude that Skyllas established she was entitled to relief from judgment with respect to the grant of summary judgment or the admissions.

## Conclusion

For the reasons stated above, we reverse the judgment of the trial court and remand with instructions to reinstate the judgment in favor of McKinley and against Skyllas.

Reversed and remanded with instructions.

May, J., and Brown, J., concur.