## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 29 2018, 7:56 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Scott A. Kreider
Kreider McNevin Schiff LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Scott A. Norrick
Anderson, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adam Hayden and Above the Cut Restoration, LLC, *Appellants-Defendants,* v. Genevieve Carmany, *Appellee-Plaintiff.* | June 29, 2018 Court of Appeals Case No. 48A02-1712-PL-2863 Appeal from the Madison Circuit Court The Honorable Thomas Newman, Judge Trial Court Cause No. 48C03-1707-PL-72 |

**Bradford, Judge.**

# Case Summary

[1] Appellee Genevieve Carmany ("Appellee") filed a complaint against Appellants Adam Hayden and Above the Cut Restoration LLC ("Appellants") on July 31, 2017. Appellants were served on August 14, 2017. On September 21, 2017, after no responsive pleading was filed, Appellee moved for default judgment. The trial court granted the motion for default judgment on September 25, 2017. On October 12, 2017, Appellants filed a motion for relief from judgment. A hearing was held on November 1, 2017. The trial court denied the motion on November 15, 2017.

[2] Appellants argue that the trial court abused its discretion when it found that there was no excusable neglect and denied Appellants' motion to set aside the default judgment. Finding no abuse of discretion, we affirm the judgment of the trial court.

# Facts and Procedural History

[3] On July 31, 2017, Appellee filed a complaint against Appellants setting forth claims of a breach of warranty, a breach of contract, and a violation of the Indiana Home Improvement Contract Act ("HICA") based on allegedly deceptive business practices. Appellants were served with the complaint and summons on August 14, 2017. Appellants' answer was due by September 6, 2017. On September 21, 2017, after no responsive pleading was filed to the

complaint and thirty-eight days after service, Appellee moved for default judgment.

[4] The trial court granted the motion for default judgment on September 25, 2017. Two days later, Appellants' counsel submitted an answer and request for enlargement of time. The trial court initially granted the request for additional time, but later vacated the order as improvidently granted.

[5] On October 12, 2017, Appellants, with new counsel, filed a verified motion for relief from judgment pursuant to Trial Rule 60(B). Attached to the motion were excerpts of text messages regarding this case. On October 16, 2017, Appellee filed an opposition to defendants' request for relief from judgment and motion to strike defendant's exhibits. The trial court held a hearing on November 1, 2017. On November 16, 2017, the trial court entered an order denying the request to set aside the default judgment.

# Discussion and Decision

[6] A trial court's decision regarding whether to set aside a default judgment is given substantial deference and our review is limited to whether the trial court abused its discretion. *Nwannunu v. Weichman & Assocs., P.C.*, 770 N.E.2d 871, 876 (Ind. Ct. App. 2002). In reviewing the trial court's decision, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Id*. We will only reverse if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

[7] "A party seeking to set aside a default judgment under T.R. 60(B)(1) must demonstrate that the judgment was entered as a result of mistake, surprise, or excusable neglect." *Id.* The trial court has broad discretion in this area because any determination of mistake, surprise, or excusable neglect must turn upon the particular facts and circumstances of each case. *Id.* While making its determination, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding cases on the merits. *Id.*

[8] In the present case, Appellants were served on August 14, 2017. That same day, Appellants contacted an attorney about the Complaint. Appellants followed up several times before the deadline to respond had passed. When asked, the Appellants' attorney said that she was "finishing up prep" and things were "covered." App. Vol. II p. 29. Those statements were not necessarily untrue. The deadline to respond had not yet passed. Appellants were well aware of when the deadline to respond was and were not told that a response had been filed on or before the deadline passed.

[9] Appellants point to several text messages as evidence that there was excusable neglect in this case. Appellee, however, raises concerns regarding the admissibility of these texts. Assuming, *arguendo*, that the text messages were properly admitted, Appellants still failed to show that the trial court abused its discretion. There is a large body of Indiana case law which does not relieve a client from the consequences of an attorney's action or inaction. *See, e.g., Weinreb v. TR Developers, LLC*, 943 N.E.2d 856, 867 (Ind. Ct. App. 2011) (affirming the denial of two motions for relief from judgment and noting even

gross negligence by the attorney was insufficient to establish grounds for relief); *Thompson v. Thompson*, 811 N.E.2d 888, 904 (Ind. Ct. App. 2004) (affirming the denial of a motion for relief from judgement on the grounds that the attorney's negligence was binding on the client); *Int'l Vacuum, Inc. v. Owens*, 439 N.E.2d 188, 190 (Ind. Ct. App. 1982) (affirming the denial of a motion to set aside default judgment where appellant failed to demonstrate that it had exercised due diligence in keeping informed about the case).

[10] Appellants, however, cite to several cases in support of their claim that the breakdown in communication with their attorney was enough for purposes of Rule 60(b). In many of those cases, the defaulted party produced evidence establishing a breakdown in communication with a third party, like an insurance company, that was obligated to arrange for counsel for the defaulted party as that party's agent. These cases are easily distinguishable from the present case as there is no intervening third party here. The facts of the other cases that Appellants cited were so extreme that the courts found that they were exceptions to the general rule that attorney negligence is imputed on the client. *See, e.g.*, *Rose v. Rose*, 390 N.E.2d 1056, 1058 (Ind. Ct. App. 1979) (describing the attorney's conduct[1] as "unexplainable and inexcusable misfeasance and nonfeasance" while the client was "conscientious and diligent"); *Kmart Corp. v. Englebright*, 719 N.E.2d 1249 (Ind. Ct. App. 1999) (finding that the defaulted

---

[1] The attorney from Kentucky in *Rose* repeatedly lied to the client, stating that he had hired an attorney in Indiana to represent the client. 390 N.E.2d at 1057.

party's failure to respond to the complaint constituted excusable neglect where defaulted party reasonably relied on representations of opposing counsel which granted defaulted party an indefinite extension of time in which to file responsive pleadings and counsel's appearance). These cases are distinguishable from the present case because they involved gross misconduct or actions by opposing counsel, neither of which is present here. Based on our review of the governing caselaw as applied to the facts of this case, the trial court did not abuse its discretion when it denied the Appellants' motion for relief from judgment and found that the attorney's alleged misconduct was attributable to the client for purposes of Trial Rule 60(B).

[11] The judgment of the trial court is affirmed.

Kirsch, J., concurs.

Baker, J., concurs in result with opinion.

| | |
|---|---|
| Adam Hayden and Above the Cut Restoration, LLC, | Court of Appeals Case No. 48A02-1712-PL-2863 |
| *Appellants-Defendants,* | |
| v. | |
| Genevieve Carmany, | |
| *Appellee-Plaintiff* | |

**Baker, Judge, concurring in result.**

[12] Precedent compels me to concur, notwithstanding my abhorrence of default judgments where the defaulted party's counsel has dropped the ball.